GLADNEY, Judge.
This is an action quanti minoris brought by Charles W. Cook against Highland Park Construction Company, Inc., for recovery for alleged defects in a newly constructed house in the City of West Monroe purchased on May 10, 1962. The trial court awarded judgment in favor of defendant for the reason that the plaintiff had failed to carry the burden of proof.
On trial of the case, it was established that on May 10, 1962, the plaintiff purchased from the defendant a house and lot for the sum of $16,500.00. The purchaser-plaintiff admittedly made no inspection of the house prior to the purchase. Approximately three or four months after the sale the plaintiff began to notice defects in the house, notified the defendant and made repeated amicable demands thereafter for their correction. There are no special warranties set forth in the deed.
On appeal the plaintiff has abandoned three of the eleven original alleged defects acknowledging that they would have been discovered by a simple inspection. It should be noted, the plaintiff furnished two expert witnesses to testify in his behalf, Mr. Lloyd C. Fox and Mr. Vincey W. Tidwell, while the defendant offered only one non-expert witness, Mr. M. L. Silman, in his defense. There appears to be no testimony contradictory to the fact that the conditions alleged as defects do exist. The testimony of Mr. Fox, Mr. Tidwell and Mr. Cook offer strong affirmative testimony and the defendant’s witness, Mr. Silman, confirms rather than denies their existence. A detailed analysis as to each itemized alleged defect in the record is not warranted, as it appears from the uncontradicted testimony of the two expert witnesses that the defects arose during the period of construction and were in ex *826 istence at the date of sale. The testimony also indicates that these defects were in their nature latent, so that their existence did not immediately manifest their appearance until after a passage of time, or were non-apparent, so that a simple inspection would fail to disclose them. The items so substantiated are:
1. Repair and repaint sheet-rock . $ 360.00
2. Replace and repaint wood siding. 400.00
3. Replace oven door. 54.00
4. Adjust windows and door 30.00
5. Repair driveway. 210.00
'6. Repair molding . 6.00
7. Repair tile. 10.00
8. Repair bath drain. 25.00
TOTAL. $1,095.00
The plaintiff brings this action based on Articles 2520 et seq. and 2541, 2543 of the LSA-Civil Code. This court is in agreement with the statement in the case of Pursell v. Kelly, La.App., 139 So.2d 12 (La.App., 4th Cir.1962) :
“The law of this state places on the vendor the obligation of warranting the thing against hidden defects or its redhibitory vices. LSA-C.C. Arts. 2475, 2476. Plidden defects are those which could not be discovered by simple inspection. LSA-C.C. Art. 2521. Under LSA-C.C. Art. 2520 redhibition is defined to be the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. An action for reduction of the price is included in the redhibitory action and the buyer may limit his demand to a reduction, or the judge may decree merely a reduction of the price. LSA-C.C. Arts. 2541,2542, 2543.
“The redhibitory action and the action quanti minoris are applicable as well to sales of real property as to sales of movables. Under our jurisprudence the cost of repairs necessary to restore the property to the condition it should have been in is the proper measure for determining a reduction of the purchase price of real property. * * * ” [139 So.2d 12, 14]
On applying the applicable law to-the evidence adduced on trial, the court finds that the plaintiff has proven his case.
It follows from our findings as above set forth the trial judge erred in holding that the defects were discoverable upon simple inspection and appellant having satisfactorily proven his damage is entitled to judgment.
Therefore, the judgment appealed from is annulled, set aside and reversed and it is ordered that there be judgment in favor of Charles W. Cook, plaintiff, and against the defendant, Highland Park Construction Company, Inc. in the full sum of $1,095.00 with legal interest thereon from date of judicial demand and all costs of this suit.