CHASEZ, Judge.
This is an action by plaintiff, Phoenix Insurance Company, to recover the sum of $575.00 for property damage done to one of its vehicles. The petition prayed for attachment of the defendant’s automobile on the ground that he was a non-resident. The writ of attachment issued on June 4, 1963. On June 14, 1963, the court authorized the bonding of the attachment. The trial court rendered judgment rejecting the demands of plaintiff and dissolving the attachment. It subsequently rendered a judgment awarding the defendant attorney’s fees in the amount of $150.00. From these judgments the plaintiff, Phoenix Insurance Company appeals.
The record reflects that on May 20, 1963, Mr. W. Elliott Lauderman, an employee of plaintiff, was driving plaintiff’s 1961 Ford automobile out St. Ann Street in a river-bound direction. At the intersection of St. Ann Street and North Rampart Street, Mr. Lauderman was involved in a collision with a 1957 Chevrolet automobile owned and operated by Alfred Bennett. The accident occurred at approximately 6:30 p. m.; weather conditions were good.
Mr. Lauderman, the driver of the 1961 Ford, testified that the automobile was fur- *683 nislied for liis exclusive use by his employer, the plaintiff. At the time the accident occurred, he was proceeding to his home. He stated that he had stopped behind one or two cars which were awaiting the change of the traffic light on St. Ann Street in order to enter the Rampart Street intersection ; when the light changed to green the two cars ahead of him crossed the intersection and he followed; upon entering the intersection he was involved in a collision with defendant’s automobile. He stated that the light was green in his favor. He contends that the intersection was blind due to a large furniture van parked to his left at the corner of North Rampart Street. He did not see the defendant’s automobile until it hit him.
Dr. L. C. Cusachs testified that he was driving an automobile out St. Ann Street behind Mr. Lauderman when the accident occurred. His testimony indicated that the light was green when Mr. Lauderman proceeded through the intersection. He corroborated Mr. Lauderman’s testimony relative to the large truck being parked on the corner of North Rampart Street. He did not recall any cars preceding Mr. Lauder-man’s through the intersection. . Dr. Cusachs overheard conversation • between Mr. Lauderman and the defendant immediately after the accident; they were both contending that the green light was in their favor.
The defendant, Alfred Bennett, testified that he had a green light as he proceeded through the intersection. He stated that he could not stop as he entered the intersection for he had cars following him; if he had, in his opinion, the cars would have run into the rear of his automobile.
Joseph Payne, who was sitting in the right front seat of the defendant’s vehicle, testified that the light was just about to change and they were going through the intersection when he saw the other car coming at them. Edward Brown, who was sitting in the back seat of the defendant’s automobile, testified that the light was green in defendant’s favor. The above three witnesses testified that a bus was on the left corner of North Rampart street and St. Ann.
The court a qua in its reasons for judgment stated that after reviewing the scene of the accident it did not believe that the accident happened as narrated by Mr. Lauderman. It stated that it thought there were no cars in front of Mr. Lauderman, and that Mr. Brown, the defendant, and Mr. Lauderman were both trying to beat the traffic signal by going through it at the moment of change. In other words, the trial court concluded that the accident was caused by the concurrent negligence of both drivers.
In this court the plaintiff-appellant argues that the findings of the trial court were manifestly erroneous, and should be reversed, holding that Mr. Lauderman had the green light and the right-of-way. In the alternative, he contends that the court erred in imputing the negligence of W. Elliott Lauderman to the plaintiff, therefore, denying it recovery.
After a review of the record, we cannot say that the holding of the trial court is manifestly erroneous. The trial court had the opportunity of hearing the witnesses and judging their veracity. It also viewed the scene of the accident. We are- of the opinion, as was the trial court, that the accident was due to the concurrent negligence of Mr. Lauderman and the defendant. We, however, believe that the court erred in imputing the. negligence of Mr. Lauderman to the plaintiff thereby denying the plaintiff recovery.
 The negligence of one person is only to be imputed to another given some special vicarious relationship. It has been held that unless one can be held responsible as a matter of law for the torts of a person whose negligence is sought to be charged to him the doctrine of imputed negligence cannot be applied. Gaspard v. *684 LeMaire, 245 La. 239, 158 So.2d 149 (1963). In Gaspard the court quoted from 38 American Jurisprudence “Negligence” Section 235:
“ 'As a general rule, it may be said that in order to impute the negligence of one person to another, there must exist between them some relation of master or superior and servant or subordinate or other relation akin thereto. The relation between them must be one invoking the principles of agency, or the persons must be co-operating in a common or joint enterprise, or the relation between the parties must have been such that the person to whom the negligence is imputed must have had a legal right to control the action of the person actually negligent. As the rule is stated by American Law Institute [Restatement, Torts, Vol. 1, Section 485], the relation between the plaintiff and the1 third person must be such as to make the plaintiff responsible at common law for the negligent conduct of such third person.’ ” (Emphasis theirs).
In this case the relationship of master-servant existed between the plaintiff and Mr. Lauderman, the driver of the damaged automobile. Plaintiff argues, however, that Mr. Lauderman was not within the course and scope of his employment at the time of the accident and, therefore, his negligence cannot be imputed to plaintiff.
Mr. Lauderman testified that at the time of the accident he was proceeding to his home. In Wills v. Correge, 148 So.2d 822 (La.App.1963); cert. denied 1963, it was stated:
“The general rule is that an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for the employee’s negligent acts. * * *
This is true even when the vehicle used for transportation by the employee is owned and furnished by the employer except where there is some distinguishing and additional fact which causes such travel to benefit or serve the employer or his business. * * *« (Emphasis ours).
Therefore, even though Mr. Lauderman was using a company car, which was exclusively available to him, he was not within the course and scope of his employment for he was going home. Since he was not within the course and scope of his employment, his employer could not be held liable for his torts at the time the accident occurred. Under the rule enunciated in Gas-pard v. Lemaire, supra, then, Mr. Lauder-man’s negligence cannot be imputed to the plaintiff. This is further supported by the Restatement of Torts. Section 485 provides :
“Except as stated in §§ 493 and 494, a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person.”
Section 486 provides:
“A master is barred from recovery against a negligent defendant by the contributory negligence of his servant acting within the scope of his employment.” (Emphasis ours).
A reading of the above articles clearly implies that if a servant is not within the course and scope of his employment, the servant’s negligence cannot be imputed to his employer even though the servant is using the employer’s vehicle.
In Vol. 4, “Blashfield on Automobiles,” § 2865 page 491, it is stated:
“The modern rule, supported by the weight of authority, is that the negligence of a bailee in the use of the sub *685 ject of the bailment such as an automobile contributing to its injury cannot be imputed to the bailor, so as to preclude recovery by the latter for the negligence of a third person also constituting a proximate cause of the injury, unless such bailor and bailee also sustain the relation of employer and employee, or of principal and agent, -or a partnership, or family relation exists, and not then unless the bailee is acting within the scope of his employment.” (Emphasis ours).
5fC * * * * *
“Within this rule, where a master permits a servant to use an automobile for his own pleasure, the servant is only a bailee, and, if the automobile is damaged by the negligence of a third person, the negligence of the servant also contributing to the injury cannot be imputed to the master, regardless of whether, in legal effect, the automobile was hired or gratuitously loaned to the servant.”
In Louisiana the negligence of a bailee cannot be imputed to the bailor to bar the bailor’s recovery for property damage. Hinkle v. Digby, 118 So.2d 902 (La.App.1960); Hughes Tool Company v. Buras Transportation Co., 139 So.2d 220 (La.App.1962). Under the Gaspard rule, supra, “ * * * unless a plaintiff could be held responsible, as a matter of law, for the torts ■of the person whose negligence is sought to be charged to him the doctrine of imputed negligence cannot be applied.” (Emphasis theirs). From the foregoing, we conclude the since Mr. Lauderman was not acting within the course and scope of his employment, but was a mere bailee of the automobile, his negligence cannot be imputed to the plaintiff. Therefore, the plaintiff should not be denied recovery for the property damage done to its vehicle because of the concurrent negligence of Mr. Lauder-man in this collision. The evidence establishes that the plaintiff suffered property ■damage to its automobile in the sum of $575.00 because of the concurrent negligence of defendant, Alfred Bennett, and judgment is now rendered against said defendant accordingly. For the foregoing reasons, the judgments appealed from herein by plaintiff-appellant, Phoenix Insurance Company are reversed in toto and it is now ordered, adjudged and decreed that there be judgment in favor of Phoenix Insurance Company and against Alfred Bennett, in the full sum of $575.00, with legal interest thereon from judicial demand until paid; that the writ of attachment herein be maintained and said defendant shall bear the costs of both courts.
Reversed and rendered.