BOUTALL, Judge.
This is an appeal from a judgment dismissing plaintiff’s suit in redhibition for rescission of the sale of an R.C.A. Whirlpool freezer purchased from defendant. The judgment of the trial court also granted defendant’s reconventional demand in the sum of $308.78, which was the purchase price, together with interest and attorney’s fees.
On September 3, 1968, Christopher Scully, also known as “Chris Scully”, purchased the freezer from defendant-appellee Anthony Campo d/b/a Campo Appliance Company. The freezer was delivered to the Scully residence on September 5, 1968. Mr. and Mrs. Scully were not at home on the date of delivery and their son received the item in their place.
On September 6, 1968, the Scullys commenced use of the freezer, whereupon they began to experience difficulty. Mr. and Mrs. Scully each testified that the freezer was extremely noisy and kept them awake at night. Additionally, they testified that the motor continued to run without shutting off, and the door was difficult to open. On Monday, September 8, 1968, Mr. Scully called Campo Appliance Company to complain. He spoke to Anthony Campo who said he would take care of the matter by sending a repairman out to inspect the freezer.
Upon inspection, the repairman told plaintiff that the freezer contained a faulty compressor and thermostatic switch, which needed replacement. Mr. Scully refused to allow a replacement of the compressor and demanded a replacement of the freezer. Defendant refused this demand and Scully then employed an attorney to demand rescission of the sale. After demand by the *269 attorney, suit was filed against Campo Appliance Company on October IS, 1968, for rescission of the sale due to a redhibitory defect. Campo later offered to replace the freezer. Scully refused this offer relying on LSA-C.C. art. 2520 which reads as follows :
“Art. 2520. Redhibition, definition
Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The burden of proof in cases of red-hibition rests upon the buyer to establish the defect and that such vice rendered the thing useless or its use so inconvenient and imperfect that it must be supposed he would not have purchased the object had he known of its vices. See: Charter Company v. Mercante Floor Covering, 186 So. 2d 430 (La.App. 1st Cir., 1966); Hanna Investments, Inc. v. Stovall, 171 So.2d 678 (La.App. 2nd Cir., 1965); Gabriel v. Jeansonne, 162 So.2d 798 (La.App. 4th Cir., 1964). Defendant alleges that the plaintiff failed to establish the existence of a defect in the freezer which would warrant a successful action in redhibition.
Defendant relies on Prince v. Paretti Pontiac Company, 262 So.2d 826 (La.App. 4th Cir., 1972) (writ granted). In this case the plaintiff purchased a new automobile and complained of certain defects. The seller made numerous good faith offers to correct these alleged defects but these offers were rejected by the plaintiff. The plaintiff brought an action in redhibition and failed in this attempt. The court stated that the defects complained of were minor and not sufficient to support an action in redhibition. In Prince, the defects complained of consisted of asserted difficulty with “low” and “reverse” gears, leaking vinyl top, and noises and other minor defects. A new automobile purchaser can reasonably expect minor defects of this nature and should be willing to allow the minor adjustments necessary to remedy these defects. The purchaser in that situation would not be entitled to redhibition, since he has not proved a true redhibitory defect, at least until the minor adjustments are attempted.
In the case at bar, however, plaintiff proved a defective compressor, which is a defect going to the very heart of the object sold. Mr. Romain, owner of the repair service, stated that the compressor performs a similar function in a freezer as the heart in the body of a human being. According to Mr. Romain, it pumps the gas and removes the heat and is about seventy per cent of the freezer. From an observance of Romain’s testimony, the seriousness of the defect can be readily appreciated. It must be noted that the object involved is a brand new freezer. One who purchases an item such as this would not normally expect it to contain such a serious defect. It can, in the court’s opinion, be concluded that Mr. Scully would not have purchased this freezer had he known of this defect. In addition, there was a defect in the thermostatic switch and difficulty in opening the door.
 Relying on the language of Civil Code art. 2520, it is reasonable to determine this to be a defect in the thing sold which renders its use so inconvenient and imperfect, that it can be supposed that the buyer would not have purchased it, had he known of the vice. The fact that a redhib-itory defect exists is sufficient to allow plaintiff the right to rescind the sale. The fact that a new compressor may have been installed to replace the defective one is of no consequence in the present situation. Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3rd Cir., 1961), states that the right to rescind a sale upon proof of a redhibitory defect is not defeated by the possibility that the defect may be remedied by further repairs or substitution of parts.
The trial judge rendered no reasons for his judgment but did request a memoran *270 dum of plaintiff, which suggests to us that he was concerned about the application of the law to this case.
The facts are uncontested. There were only three witnesses. Mr. and Mrs. Scully testified as to the noise and difficulties experienced with the freezer during the two days they used it. Mr. Romain, the owner of the repair service, testified in lieu of the repairman who actually inspected the freezer (he couldn’t be located), and could only testify from the records, which corroborates the Scullys. The defendant offered no proof but submitted the matter at the end of plaintiff’s case.
We are thus of the opinion that this un-contradicted testimony establishes by a preponderance of evidence, the existence of a redhibitory defect such as to require the application of the provisions of LSA-C.C. art. 2520 and annul the sale.
Mr. Scully seeks to recover for his alleged expenses incurred for the storage of the freezer from September of 1968 to the present. He also seeks $150.00 which is the alleged expense incurred to employ counsel'. Scully relies on LSA-C.C. art. 2531 which reads:
“Art. 2531. Liability of seller in good faith for restitution of price.
Art. 2531. The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses.”
The court must deny the demand for expenses of preservation on the ground that although there may have been slight inconvenience, this inconvenience would not be of such a nature to justify a reward in damages. Plaintiff simply left the freezer in a portion of her home.
The court also denies plaintiff’s request for $150.00 in attorney’s fees. Under art. 2531, the good faith seller is bound only to restore the expenses occasioned by the sale. Expenses occasioned by the sale refer to the immediate expenses occasioned by the contract of sale itself. The expenses incurred by plaintiff in hiring an attorney to bring an action in redhibition do not come under the purview of art. 2531, but under art. 2545, relating to a bad faith seller.
We note that the trial judge rendered judgment on the reconventional demand in favor of appellee for the purchase price, etc. Since we would rescind the sale, this judgment should be reversed and annulled.
For the foregoing reasons, it is ordered that the judgment appealed from is annulled and reversed, and there is now judgment herein in favor of plaintiff-appellant rescinding the sale of the freezer herein and declaring it to be null and void; and further, dismissing the reconventional demand.
All costs shall be paid by defendant-ap-pellee.
Reversed.