303 So.2d 813 (1974)
Dennis DOMINGUE, Plaintiff-Appellee,
v.
WHIRLPOOL CORPORATION et al. (Patrick J. Babineaux, Sr., appealing), Defendant-Appellant.
No. 4756.
Court of Appeal of Louisiana, Third Circuit.
November 27, 1974.
*814 Fredric G. Hayes, Lafayette, and Chaffe, McCall, Phillips, Toler & Sarpy by Harry McCall, Jr., New Orleans, for defendant-appellant.
Voorhies & Labbe, by Vance R. Andrus, Lafayette, for plaintiff-appellee.
Before FRUGÉ, MILLER, and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This appeal stems from a suit in redhibition filed by the plaintiff Dennis Dominque against four defendants. Domingue is seeking the rescission of the sale of a central air conditioner which was installed when his house was built in 1971. Suit was filed against the vendor, Patrick J. Babineaux, Sr., d/b/a Pat's Building Materials, the installer, Shelton Stutes, d/b/a Stutes Plumbing Works, the manufacturer, Whirlpool Corporation, and Harold Glore who is in charge of Whirlpool's Consumer Service Division in New Orleans. Whirlpool and Glore filed an answer but Babineaux and Stutes failed to do so, although they were personally served. A default judgment was accordingly rendered against Babineaux and Stutes in solido, in the amount of $4,447.10. In addition, the trial court awarded attorney's fees of $1,500. Babineaux has appealed from this default judgment. There has been no appeal by Stutes. We amend and affirm.
The record in this case consists mainly of the testimony of the plaintiff Domingue and the evidence introduced on his behalf. Domingue purchased a Whirlpool central air conditioning unit for his new house from Pat's Building Materials on April 7, 1971, for a price of $845.25. The unit was installed in Domingue's house by Stutes Plumbing Works for a price of $710. Plaintiff testified that he moved into his house in June of 1971 and that soon afterward the compressor in the unit went bad. There is no testimony as to exactly when this occurred, but Mr. Domingue did state that it happened "before [he] was really settled."
When the compressor failed, Mr. Domingue was told (apparently by Pat's) that a compressor was not immediately available but that the whole outside portion of the unit could be replaced if he agreed to pay a difference of $66.15. Mr. Domingue agreed and the outside unit was replaced. Mr. Domingue paid the $66.15 by check dated August 24, 1971.
*815 Mr. Domingue continued to have trouble with the unit in 1972 and 1973. During this period Stutes and Babineaux attempted to repair the unit. The compressor was changed three or four times and other repairs were attempted. Because the unit would not function, Mr. Domingue finally installed two window units in his home in order to cool it.
In the summer of 1973 the unit began leaking water onto the ceiling. Stutes attempted to correct this but has not been successful. At the trial Mr. Domingue stated that the unit was still leaking. In July of 1973 Domingue contacted Whirlpool. Whirlpool sent a regional service manager who inspected the unit along with Stutes and Babineaux. Whirlpool acknowledged that there was a problem but disclaimed any responsibility. In November of 1973 Mr. Domingue instituted this suit to rescind the sale of the air conditioner.
The appellant Babineaux has alleged several specifications of error to this court. The first specification is that Domingue's claim is prescribed. Civil Code article 2534 provides that the redhibitory action must be instituted within a year of the sale unless the seller is in bad faith. However, our jurisprudence has recognized that where the seller has attempted to remedy the defect, prescription does not begin to run until the seller abandons his attempt to repair the defect. de la Houssaye v. Star Chrysler, 284 So.2d 63 (La.App. 4th Cir.), writ refused 286 So.2d 662 (La. 1973); Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3rd Cir. 1972); Brown v. Dauzat, 157 So.2d 570. (La.App. 3rd Cir. 1963).
In this case there was a continuous attempt to repair the defect by Babineaux and Stutes from 1971 through the summer of 1973. The record shows that the compressor and condenser were changed several times and that a final attempt to repair the unit was made in July of 1973. Suit was instituted in November of that year. Since the one-year prescriptive period did not begin to run until July, Domingue's claim was not prescribed.
In order to have the sale rescinded for a redhibitory defect, plaintiff must prove that the defect existed at the time of sale. La.Civil Code art. 2530. If the defect does not manifest itself within three days, the burden is on the purchaser to prove that such a defect existed at the time of sale. La.Civil Code art. 2530. In this case the defect did not manifest itself within three days of the sale. Appellant contends that the plaintiff failed to prove that the air conditioner was defective at the time of sale.
This is a fact question. It is not necessary that the plaintiff prove the exact cause of the defect; he need only show that a defect in fact existed. Mid-City Finance Co. v. Coleman, 232 So.2d 918 (La. App. 4th Cir. 1970); Hanna Investments v. Stovall, 171 So.2d 678 (La.App. 2nd Cir. 1965); Glenn v. Caire, 164 So.2d 656 (La. App. 3rd Cir. 1964). Since this appeal is before us from a default judgment, plaintiff need establish only a prima facie case that the air conditioner was in fact defective when sold. La.Code Civ.Pro. art. 1702. We note also the presumption of correctness accorded a default judgment:
"In order to obtain a reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites ... that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct." Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972).
The evidence in the record establishes a prima facie case in behalf of the plaintiff. The air conditioning unit failed *816 soon after it was put in operation and has not operated satisfactorily since this failure despite repeated attempts at repair. We believe this to be a strong indication that the unit was defective when sold. Furthermore, appellant has cited no evidence which overcomes the presumption of correctness of the trial court's determination.
Appellant next contends that plaintiff has no right to attorney's fees as an element of damages. Article 2545 of the Civil Code provides:
"The seller who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, including reasonable attorney's fees, is answerable to the buyer in damages." (Emphasis supplied.)
Attorney's fees are also provided under Civil Code art. 2547 when the seller declares an item to have a certain quality which it is later found to lack. In this case there is no contention that Babineaux knew of the defect or made a declaration of quality. Article 2531, prior to its Amendment by Act 673 of the 1974 Regular Session of the Louisiana Legislature, provided as follows:
"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."
This article makes no provision for attorney's fees which are neither part of the price, the expenses occasioned by the sale, nor expenses incurred for preservation. Scully v. Campo, 270 So.2d 267 (La.App. 4th Cir. 1972); Kiefer v. Bernie Dumas Buick Co., 210 So.2d 569 (La.App. 4th Cir. 1968).
Appellant finally contends that there is no basis for the trial court's award of $4,447.10. The contention is that the plaintiff is entitled only to $845.25 which is the price Domingue paid Babineaux for the unit. The award made by the trial court was based on the plaintiff's petition which alleged the following damages:
"a. $845.25 being the purchase and installation price paid to Pat's Building Materials;
b. $710.00 being the price paid for the installation of an air duct system paid to Stutes Plumbing Works;
c. $83.20 being the amount paid to Doug Ashy Building Materials, Inc., of Lafayette, Louisiana, for repairs to the ceiling necessitated due to the aforementioned defects;
d. $66.15 being the amount paid to Pat's Building Materials for another condenser;
e. $157.50 being the amount paid to Pat's Building Materials upon exchange of an air conditioning unit and labor to change the compressor;
f. $85.00 paid to Stutes Plumbing Works for the exchange and labor involved in exchanging a condenser;
g. Inconvenience and mental anguish in the amount of $2,500.00 with legal interest thereon from the date of judicial demand until paid...."
As noted above, Article 2531 states what recovery is allowed a purchaser who brings a successful action in redhibition where the seller is not in bad faith. The purchaser is allowed only the restoration of the price and the reimbursement of expenses occasioned by the sale and for the preservation of the thing. Under this article the plaintiff Domingue is entitled only to the following:

 $845.25 ........... purchase price
 $710.00 ........... installation fee
 $308.65 ........... expenses of repair

Article 2531 clearly provides that Domingue is entitled to a restoration of the purchase price of $845.25. As to the installation fee, we consider this to be an expense occasioned by the sale since the *817 air conditioner would be of no use unless installed.
Plaintiff is also entitled to recover expenses of repair. These are expenses for the preservation of the thing and were undertaken solely because of the vendor's attempt to remedy the defect. Breaux v. Winnebago Industries, Inc., 282 So.2d 763, 770 (La.App. 1st Cir. 1973).
Plaintiff is not entitled to recover the $83.20 for repairs to his ceilings as this is not an expense covered by Article 2531. Neither is he entitled to any amount for mental anguish. Greenburg v. Fourroux, 300 So.2d 641 (La.App. 3rd Cir. 1974); Tauzin v. Sam Broussard Plymouth, Inc., 283 So.2d 266 (La.App. 3rd Cir. 1973); Moreau v. Marler Ford Co., Inc., 282 So.2d 852 (La.App. 3rd Cir. 1973). Where the seller is in good faith, he is not liable for damages besides the restitution of the price and repayment of expenses.
The judgment is therefore affirmed but is amended to reduce the award against Patrick J. Babineaux, Sr., d/b/a Pat's Building Materials to the sum of $1,863.90. Costs of this appeal will be borne by appellant.
Amended and affirmed.