PONDER, Judge.
Defendants appealed the judgment awarding damages caused by the fall of a large dead tree.
The issues are: liability of the vendor of a house and lot; contributory negligence of the vendee and assumption of risk of the vendee.
We affirm.
Plaintiff purchased from defendant M. L., Inc., a house on a lot containing several trees during the winter months. When *165 spring came, plaintiff discovered a large tree in the back yard was dead. Plaintiff notified defendant twice by letter and once by telephone of the condition of the tree and requested its removal. Defendant told plaintiff during the telephone conversation that he would get an estimate for felling the tree. That same evening, during a storm, the tree fell on plaintiff’s house and caused extensive property damage. Inspection of the fallen tree revealed it had been dead for some time, and was certainly dead at the time of the sale. Plaintiff, Sorrells, filed suit against M. L., Inc. and its principal officer, M. L. Stevens. Thereafter, plaintiff’s property insurer, State Farm Fire and Casualty Company, brought suit for the recovery of $2,647.83 paid to repair the house. The companion suit was settled prior to trial.
The trial court applied the doctrine of strict liability under the rationale of Cardwell v. Jefferson Rentals Division, 379 So.2d 255 (4th Cir. 1979). We prefer to base our decision upon a breach of warranty.
A vendor warrants the thing sold against hidden defects or redhibitory vices. LSA-C.C. Arts. 2475, 2476. Hidden defects are those which cannot be discovered by simple inspection. LSA-C.C. Art. 2521. Redhibition is the avoidance of a sale on account of some defect in the thing which renders it so imperfect the buyer would not have purchased it had he known of the defect. LSA-C.C. Art. 2520. An action for the reduction of the price is included in the redhibitory action. LSA-C.C. Arts. 2541, 2542, 2543.
Under Article 2531, the seller is bound to repair the vices in the thing sold. Jurisprudence has interpreted this to mean that the vendee is entitled to be returned as nearly as possible to status quo at the time of the sale. Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir. 1975).
We believe the large dead tree on the lot sold by defendant was a redhibitory vice which in the winter months could not be discovered by simple inspection. Because of this defect plaintiff suffered extensive property damage.
As plaintiff’s subrogee, State Farm is entitled to recover the amount for repairs ($2,647.83) required to return the property to the status quo at the time of the sale.
Even if contributory negligence or assumption of risk be applicable the plaintiff, relying upon what he felt was an obligation due him, informed vendor of the defect and depended upon the vendor removing this defect. We do not consider this contributory negligence or assumption of risk.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.