EDWARD J. STOULIG, Judge Pro Tern.
This is an appeal from -a judgment awarding plaintiff a reduction of $640.07 in the sales price of the property which he purchased from the defendant. No appeal was taken by plaintiff from the denial of his request for attorney fees, and therefore this issue is not before us.
The undisputed facts in this matter are that on January 28, 1978 plaintiff entered into an agreement to purchase from the defendant the residence bearing the municipal number 2316 North Friendship Drive, Harvey, Louisiana. The agreement, in part, specifically provided:
“All ... air conditioning/heating unit ... to be in proper working order at or prior to the act of sale. Buyer to inspect after tenants have been removed and pri- or to act of sale.”
Pursuant to the terms of the agreement to sell, plaintiff, on March 20,1978, inspected the premises in the presence of defendant’s wife and the real estate agent, J. DeLand. Plaintiff visually inspected the property, checked the dishwasher for leaks, and noted that the thermostat and the blower on the heating and air conditioning system were in operating condition. Because there was no gas service to the house he did not check the heating unit in the attic.
Again on March 28,1978 plaintiff inspected the premises in the presence of Mrs. Durkin and Mr. DeLand. On this occasion gas service was being provided and he went into the attic to inspect the furnace. He was able to light the pilot light; however, he was prevented from testing the burner because he could not open the gas valve by hand and no tools for this purpose were available.
Some six months later, with the advent of the fall season, plaintiff attempted to use the heater. Both the pilot light and blower functioned properly but he was unable to activate the burner despite a high temperature setting on the thermostat. Union Service and Maintenance Company was contacted to check the unit and determine the cause of its malfunction.
Plaintiff was advised that the gas valve, pilot light, switch, and heat exchange would have to be replaced at a cost of $640.07 for parts and labor. Defendant was immediately notified of this situation by plaintiff’s letter and he was requested to advise his proposed disposition to the demand that he bear the cost of these repairs. Upon defendant’s refusal to undertake the repairs or pay for the cost of repairing the heating unit, plaintiff had the work performed in accordance with the estimate. This action for a reduction in the purchase price resulted.
An action in quanti minoris is applicable to sales of real estate[1] and an inadequate or defective heating system is a re-dhibitory vice within the contemplation of the codal articles. In Cipriano v. Superior Realty & Construction Company, 228 La. 1065, 84 So.2d 822 (1955) the Supreme Court held:
“When a house is sold with a heating system already installed, the heating system forms as much a part of the house as does the foundation or the roof and is covered by the vendor’s warranty. If the heating system proves to have hidden vices which existed at the time of the sale *84 and which were such as to render it useless and unsuited for its purpose, the buyer has an action for redhibition or diminution of the purchase price.”
See also Guillory v. Sarpy, 177 So.2d 403 (La.App. 4th Cir. 1965); Dunn v. Pauratou, 387 So.2d 1227 (La.App. 1st Cir. 1980).
In addition to the implied warranty in every sale against hidden defects imposed by Civil Code Articles 2475 and 2476 there is an expressed warranty in the agreement to purchase against such vices in the household appliances, including the heating system. It therefore follows that plaintiff is entitled to a reduction in the purchase price, provided he establishes the following elements: (a) that there was a defect or vice in the residence within the contemplation of Civil Code Articles 2^20 and 2521; (b) that the defect existed at the time of the sale; (c) that it was not known by purchaser and was not apparent to him after a reasonable visual inspection; and (d) that the vendor would or could not correct the defect when given the opportunity to do so. Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3rd Cir. 1979).
The trial judge found, and the record amply supports his conclusion, that the plaintiff did sustain his right to recover $640.07, the amount expended to correct the defects.
Plaintiff’s expert, Donald Dufour of Union Service and Maintenance Company, testified as to the dangerous condition of the heating unit to produce carbon monoxide and the need for the replaced parts. He indicated that this condition had existed for some time, from which it must be concluded that the defect predated the sale. This testimony is unrefuted.
There is no evidence to support that plaintiff knew of the vice in the heating system at the time of the sale. The inspections made by plaintiff on March 20 and on March 28, 1978 clearly attest to the thoroughness with which he sought to determine if there were any defects in the heating system. Unquestionably he more than fulfilled the requirement of a reasonable visual inspection and, despite his efforts, he was unable to discover the defective burner and other allied vices in the equipment.
The notice of the defect, coupled with the opportunity to correct, was afforded the defendant by plaintiffs registered letter of October 23,1978, which was received by the vendor on the following day. Some thirty-six days elapsed before plaintiff had the heating unit repaired at a cost of $640.07. Both notice and opportunity requirements were met.
For these reasons the judgment of the trial court is affirmed. Appellant to bear all costs of this appeal.

AFFIRMED.

. Pursell v. Kelly, 139 So.2d 12 (La.App. 4th Cir. 1962); Civil Code Articles 2476, 2520 and 2521.