SAMUEL, Judge.
On May 25,1979 plaintiffs purchased certain immovable property, a fourplex, from the defendant. On February 2, 1981 plaintiffs filed this suit for rescission of the sale based on alleged redhibitory vices and defects, or for a reduction of the purchase price, and for damages.
The petition alleges: Within three days after the purchase, petitioners discovered the building had numerous and serious defects and problems which they called upon the defendant to repair and remedy; the problems included a “leaking roof, wet and sagging sheetrock, sloping floors, sagging ceilings, defective light fixtures, leaky bathtubs, leaky toilets, loose flooring, problems with the heating and air-conditioning units, loose and buckling face boards, etc.” as outlined in an exhibit attached to the petition; the defendant had made numerous attempts to remedy these problems, the last such attempt being made on or about July 30, 1980; and that the defendant failed to declare the existence of the vices and defects to them although the same were known, or should have been known, to it.
The defendant filed an exception of prescription to the petition. The exception was heard only on argument based on the face of the pleadings; no evidence was offered by either side. After the hearing, the exception was maintained and there was judgment dismissing the suit with prejudice. Plaintiffs have appealed.
The applicable law is to be found in Civil Code Article 2534 which provides in pertinent part:
“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
*487 This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.” LSA-C.C. Art. 2534.
These two issues are presented on appeal: (1)whether the Civil Code Articles on redhi-bition and reduction of price (C.C. Arts. 2520 et seq.) are applicable to immovables as well as movables; and (2) if those articles are applicable to immovables, has prescription run?
The first issue must be answered in the affirmative. The articles on redhibition and reduction of price refer only to “things” (“things sold” and “inanimate things”) and “animals”; no distinction is made between movables and immovables, both being included and treated alike. Our long standing jurisprudence firmly establishes that the articles also apply to immov-ables.[1]
Regarding the second issue, the answer must be in the negative. Our settled jurisprudence is that, when the seller attempts to remedy the defects, the prescription contained in Article 2534 not only does not begin to run from the time the seller makes the last attempt[2] but, in addition, the prescription does not begin to run until the seller abandons such attempt.[3]
Accordingly, we reverse. Insofar as is shown by the record before us, the defendant seller neglected to declare the alleged vices and defects to the purchaser despite the fact that it had knowledge thereof; the petition so alleges and there is no evidence contradicting that allegation. Thus, as stated in the second sentence of the above quoted Article 2534, the one year prescription does not apply. In addition, also insofar as the record before us reveals (again an uncontradicted petition allegation), the defendant’s last attempt to remedy the alleged vices and defects was made on or about July 30, 1980 and this suit was filed on February 2,1981, less than one year after the last attempt to remedy was made.
For the reasons assigned, the judgment appealed from is reversed, the exception of prescription is overruled, and the matter is remanded to the trial court for further proceedings in accordance with law and with the views expressed herein. All costs are to await a final determination.
REVERSED AND REMANDED.

. Pursell v. Kelly, La.App., 139 So.2d 12, Affirmed, 244 La. 323, 152 So.2d 36; Cipriano v. Superior Realty & Construction Company, 228 La. 1065, 84 So.2d 822; Broussard v. Breaux, La.App., 412 So.2d 176; Ranney v. Durkin, La.App., 398 So.2d 82; DeSoto v. Ellis, La.App., 393 So.2d 847; Dunn v. Pauratore, La.App., 387 So.2d 1227; Busenlener v. Peck, La.App., 316 So.2d 27; Cook v. Highland Park Construction Co., La.App., 168 So.2d 825; Roberts v. Boulmay, La.App., 186 So.2d 188.

. Schamens v. Crow, La.App., 326 So.2d 621; Domingue v. Whirlpool Corporation, La.App., 303 So.2d 813; de la Houssaye v. Star Chrysler, Inc., La.App., 284 So.2d 63; Kennedy v. Vidalia Home Service, Inc., La.App., 256 So.2d 827; Brown v. Dauzat, La.App., 157 So.2d 570.

.The lead cases in a line of jurisprudence so holding are:
Baldwin Sales Co. v. Mitchell, 174 La. 1098, 142 So. 700; Woodward-Wight & Co. v. Engel Land and Lbr. Co., 123 La. 1093, 49 So. 719.
The rationale of these decisions is that when a seller attempts to remedy a defect the buyer is not put on notice that a redhibitory suit will be necessaiy until the seller abandons his efforts to remedy the defect.