427 So.2d 669 (1983)
Rene GONZALES, III
v.
Vernon Haydel, wife of/and Robert S. SCHULTIS.
No. 13302.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1983.
*670 Karl M. Hansen, Jr., Gary M. Bougere, Metairie, for plaintiff-appellee.
Louis J. Cosenza, Leesville, for defendants-appellants.
Before GARRISON, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment by the trial court awarding plaintiff $1,000.00 for the cost of repairing the roof of a building purchased by plaintiff from the defendants, and $1,000.00 in damages, plus interest and costs.
Plaintiff purchased a house from defendants in November of 1980. Several months after the act of sale, the plaintiff began having trouble with a leaking roof. The roofer he hired to make the repairs, and who also testified as an expert at trial, stated that in his opinion the condition of the roof and ceiling indicated that the roof had been leaking prior to the act of sale.
The defendants attempted to introduce evidence at trial which showed that the roof had not been leaking at the time of the act of sale, and, furthermore, that plaintiff only discovered the leak after extraordinarily heavy rains had occurred.
From the decision of the trial court, the defense specifies three errors: (1) the finding that the roof was defective at the time of the act of sale; (2) the court's failure to impose the duty on the plaintiff to inspect the roof prior to the act of sale, and (3) the court's awarding of damages.

I. DEFECTIVE ROOF
Basically, defendants are arguing that because the roof was not leaking in November of 1980, it was not defective and that an action in quanti minoris has not been proven. To support this argument, the defendants assert that the roof was not leaking at the time of sale and, furthermore, that the leaks were not reported to them until several months afterwards.
This is an action in quanti minoris. An action in quanti minoris is brought to reduce the purchase price and is governed by the same rules that govern an action in redhibition La.Civ.Code Articles 2541 and 2544. As in redhibition, a plaintiff in quanti minoris must prove that the defect existed prior to the act of sale, if the defect does not manifest itself within three days of sale. La.Civ.Code Article 2530.
Based on the evidence contained in the record, we cannot find an abuse of the trial court's discretion in finding the roof to be defective at the time of sale. The plaintiff did have a qualified roofer who testified as an expert that the leak had to have occurred prior to the time that the plaintiff had purchased the house due to the amount of water that had gotten under the shingles and the condition of the wet and moldy wood.
We specifically reject defendants' argument that because the roof was not actually leaking at the time of the act of sale it was not defective. As we stated in Slagle v. Morgan, 410 So.2d 371 (La.App. 4th Cir. 1982):
"Following the reasoning of the defendants, a purchaser must hope for rain on the day of the act of sale, or within three (3) days thereafter, because if a leak does not manifest itself at that time, then the buyer will be precluded from bringing an action in quanti minoris or redhibition at a later time. This is not the law in Louisiana. In Hunter v. Wilson, 355 So.2d 39 (La.App. 3d Cir.1978), the plaintiffs were compensated for a leak that did not manifest itself until two or three weeks after the act of sale."
Although as defendants point out, plaintiff notified them of the condition of the roof only after a torrential rain had occurred, there nevertheless is sufficient evidence to support the trial court's decision to award the plaintiff damages in quanti minoris.

II. FAILURE TO INSPECT
The defendants argue that the plaintiff failed to inspect the roof prior to sale, and, therefore, cannot recover for the repairs to the roof.
*671 Defects which a purchaser can discover by a simple inspection are not considered redhibitory defects. La.Civ.Code Article 2521. Defendants argue that because the plaintiff had known that the roof had been repaired in the past, he was under a duty to obtain a roof inspection.
In Russell v. Bartlett, 139 So.2d 770 (La. App. 4th Cir. 1961), this court held that a purchaser is not required to climb on a roof to inspect it prior to sale. Furthermore, as the plaintiff points out in brief to this court, the expert testimony of the plaintiff's roofer, Kenneth Barrett, indicated that the process of deterioration of the roof was such that a layman might have difficulty in seeing it.
This argument is without merit.

III. DAMAGES
The defendant argues that the trial court rule was in error in awarding $250.00 for repair to interior water stains and an additional $1,000.00 in damages.
The trial court reduced the purchase price of the home by $1,000.00, which is based upon the plaintiff's claim that $750.00 was spent on repairs to the roof and $250.00 was for repair of interior water stains. Furthermore, the trial court awarded plaintiff $1,000.00 in damages. Apparently attorney's fees were not awarded. The damages awarded were not enumerated by the trial court, but the plaintiff had prayed for $2,000.00 for nuisance, and $400.00 in lost wages.
Article 2545 of the Louisiana Civil Code provides that damages are recoverable if it is shown that the seller was aware of the defects at the time of the act of sale.
The plaintiff argues that the additional $250.00 awarded for the repair of the interior water stains is not based on Article 2545, but rather on Article 2531 which requires a seller to repair the vices in the thing sold. Plaintiff, therefore, argues that proof of the sellers' knowledge of the defective roof is not necessary. This argument is supported by Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir.1975), in which the court allowed recovery for the cost of repair of interior water stains under Article 2531. The Busenlener decision is factually indistinguishable from this case. In Busenlener, the court found that because the roof leaked and stained the ceilings and walls, those ceilings and walls were also defective. That court distinguished the facts before it from Domingue v. Whirlpool Corp., 303 So.2d 813 (La.App. 3d Cir.1974). In Domingue, an air-conditioning unit claimed to have a redhibitory defect caused damage to the ceiling. The Domingue court held the buyer was not entitled to be reimbursed for the cost of repairing the ceiling. The Busenlener court held that because the entire house was the object of the sale, it included the defective bedroom, and costs for repairing the stained ceilings and walls were recoverable. Because we agree with the Busenlener court, we find that the $250.00 was recoverable under Article 2531.
We cannot find, however, that the plaintiff is entitled to recover any other damages.
Although plaintiff argues that the seller was aware of the leaking condition of the roof when the house was sold, no evidence was introduced at trial to prove this. Although the plaintiff points out that the roof had been repaired in three different places in May, August, and October prior to the act of sale in November, there was no evidence introduced to show that the defendants were aware that the roof had been leaking in the spot that plaintiff had to have repaired.
Because plaintiff has failed to present any evidence that defendants were aware that the roof was leaking at the time of the act of sale, he is not entitled to recover the $1,000.00 in consequential damages.
For the foregoing reasons, the award of $1,000.00 for repair to the roof and ceiling is affirmed and the award for $1,000.00 in consequential damages is reversed.
AFFIRMED IN PART.
REVERSED IN PART.