GUIDRY, Judge.
In August of 1986, plaintiffs, Stephen and Cynthia Ward, purchased a home from defendants, Kenneth and Carol Kemp. On January 7,1987, plaintiffs brought this red-hibition suit seeking a rescission of the sale of the house and, in the alternative, a reduction in the purchase price. Additionally, plaintiffs sought damages and attorney’s fees.
Following a trial on the merits, the trial court determined that the roof of the house was defective at the time of sale but found no bad faith on the part of the Kemps. The trial concluded that the law did not impose a duty on the part of the buyers (Wards) to get up on the roof and actually inspect it prior to the sale, despite evidence of water stains on the ceilings in several rooms which was noticed by the Wards prior to the act of sale. Pursuant to these findings, the trial judge found a dimunition in price justified (La.C.C. art. 2543) and awarded plaintiffs a reduction of $3,344.00 ($2,560.00 for replacement of the roof and $784.00 for the repair of the interior and repainting). The trial judge rejected plaintiffs’ demands for damages and attorney’s fees. Defendants appealed devolutively. Plaintiffs answered the appeal urging their entitlement to attorney’s fees in accordance with La.C.C. art. 2545.
*1292 FACTS
On August 5,1986, Stephen K. Ward and Cynthia Ward purchased a home from Kenneth R. Kemp and Carol Kemp for the price of $62,500.00. Prior to the sale, the Wards inspected the home on several occasions with their agent, Lester Vilnerve. During one of the inspections, the Wards noticed water stains on the ceiling in the sun room and also on the garage ceiling above the water heater. The Wards inquired about these stains prior to the sale and were assured by Vilnerve, who had been assured by the Kemps’ agent, that the stains were old damage which occurred pri- or to the roof being replaced in the year 1980. Assured that the problem which caused the noticeable water stains had been remedied and upon being informed that the roof was only five years old, the sale was consummated.
After a rain storm, approximately one week after the Wards moved into the home, they noticed new water damage to the ceiling in the sun room and water damage to the ceiling and light fixtures in the kitchen and back porch. Thereafter, they wrote the Kemps twice asking that they repair the roof and the interior damage. The Kemps did not respond to these demands and this suit followed.
On appeal, the defendants do not question the amount awarded plaintiffs by the trial court nor do they question the trial court’s determination that the defect in the roof existed at the time of sale. However, appellants contend that the defective roof was an apparent defect which could have been discovered on simple inspection. Appellants urge that, having noticed evidence of roof leakage prior to the sale (ceiling stains), plaintiffs should have made further inspection. From this premise, appellants argue that the defect was apparent and therefore not such as will support an action in redhibition. La.C.C. art. 2521. We disagree and affirm.
Our brethren of the First Circuit addressed a similar situation in Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir.1975). In that case, the purchaser of a home was aware of leakage problems prior to the sale but was assured by the realtor that the owner had replaced the roof. When leaks developed several months after the sale, experts informed the purchaser that, although the shingles had been replaced, the “valleys” in the roof had not been replaced and were defective. The First Circuit held that this was indeed a non-apparent defect such as to warrant a reduction in purchase price. In so holding, the court in Busenlener, supra, at page 31, stated:
[[Image here]]
Therefore, even assuming the plaintiffs were put on notice concerning prior leakage, the assurance of the owner and realtor that a new roof had been installed relieved them of the requirement to investigate further.”
The record reflects that Mr. Ward made a visual inspection of the roof while standing on the ground prior to the act of sale and found the roof to be relatively new, with no obvious problems. Lester Vil-nerve, the Wards’ real estate agent, also inspected the roof prior to the act of sale and found it to look fairly new and did not notice anything out of the ordinary. Mr. Ward’s perception of the condition of the roof was corroborated by the Federal Housing Authority’s appraiser, Mr. Holley Heard. Heard testified that the roof on the home was in good condition based upon his twenty years of experience in inspecting homes for appraisal. He stated that he inspected the roof while standing on the ground and could see nothing wrong from that vantage point.
As aforestated, the Wards inquired about the water stains on the ceiling in the sun room and garage which were discovered upon their inspection of the home. Both Kenneth and Carol Kemp testified that they had informed their real estate agent, Mrs. Louise Christman, that the roof had been replaced in 1980. This information was forwarded to Vilnerve, the Wards’ real estate agent. Vilnerve in turn passed this information on to the Wards. Once the Wards were assured that the water stains were old damage which had occurred prior to the replacement of the roof in 1980 and were satisfied from their own inspection *1293 and that of Heard, they purchased the home from the Kemps without further inspection of the roof.
Under the applicable law and particular facts of this case, we find no clear error in the trial court’s determination that plaintiffs established their right to a diminution in the sale price.
In their answer to the appeal, plaintiffs urged that the trial court erred when it failed to award them attorney’s fees pursuant to La.C.C. art. 2545.
La.C.C. art. 2545 provides as follows:
“The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
In Harper v. Coleman Chrysler-Plymouth-Dodge, 510 So.2d 1366, at page 1370, (La.App. 3rd Cir.1987), we stated the following well established jurisprudential rule concerning the recovery of attorney’s fees in redhibition cases:
“To recover attorney’s fees the buyer must prove knowledge of the defect by the seller. However, he need not prove wilful misrepresentation; he need only show actual or constructive knowledge by the seller. Therefore, if the seller knew or should have known of the defect and failed to declare it to the buyer, the seller is liable for reasonable attorney’s fees. Nelkin v. Piotrowski, 448 So.2d 173 (La.App. 5th Cir.1984); Wade v. McInnis-Peterson Chevrolet, Inc., 307 So.2d 798 (La.App. 1st Cir.1975).”
The record indicates that the roof was replaced in 1980. Both Kenneth and Carol Kemp testified that the roof had not leaked since the replacement of the roof in 1980. There is no evidence in the record to indicate that the Kemps knew of leakage following the roof replacement or attempted to conceal the old water stains. Under these circumstances, the trial court did not err when it refused to award plaintiffs their attorney’s fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are cast with all costs of this appeal.
AFFIRMED.