149 So.2d 667 (1963)
Lawrence L. GLYNN
v.
Carl J. DELCUZE.
No. 921.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Harold H. Wedig, New Orleans, for plaintiff-appellee.
Numa V. Bertel, Jr., New Orleans, for defendant-appellant.
Before McBRIDE, CHASEZ and HALL, JJ.
HALL, Judge.
Plaintiff purchased a residence from defendant and within the year dating from the act of sale filed suit to recover the cost of remedying certain alleged defects in the building. Judgment was rendered in plaintiff's favor for $560.00 plus the fees of his two expert witnesses which the Court fixed at $50.00 each. Defendant appealed.
The District Court's award is made up of three items as follows:
1) Replacement of the kitchen cabinet door, $10.00.
2) Replacement of the stained lavatory, $54.00.
3) Replacement of the roof in proper fashion, $496.00.
*668 Another item claimed by plaintiff was disallowed by the District Court and since plaintiff has neither appealed nor answered defendant's appeal this item will not be considered.
The record shows that plaintiff had occupied the residence as defendant's tenant for approximately four months prior to January 4, 1957, the date of the purchase. Although the building was something over a year old at the time, it had never been occupied by anyone except the plaintiff. During his tenancy plaintiff had observed certain defects in the house and before signing the act of sale he insisted that the defendant agree to remedy same.
When the parties met at the notary's office to pass the Act, the plaintiff, who has little education, requested the notary to prepare an agreement to be signed by defendant covering the defects. This agreement prepared by the notary and signed by the parties was in the form of a letter dated January 4, 1957 addressed to the defendant which reads in part as follows:
"Dear Mr. Delcuze:
"In reference to our conversation during the passage of the Act of Sale of the house and lot 143, Homestead Subdivision, the following items need to be repaired or replaced:
"1) There are broken shingles on the roof which need to be replaced.
"2) One kitchen cabinet door is warped and needs to be repaired.
"3) The bathroom lavatory has a continuous rust spot which cannot be removed.
"4) * * *
"Your attention to the above items, in accordance with our conversation, will be appreciated.
 "Yours truly,
 (sig) Lawrence A. Glynn
"The above items will receive my attention.
(sig) C. J. Delcuze"
Although plaintiff made frequent demands on defendant to remedy the defects no work was ever performed by him. Plaintiff thereupon secured bids from two contractors covering the work necessary to remedy the defects noted in the letter-agreement, and this suit followed.
The testimony of the two contractors who were placed on the stand as experts is uncontroverted to the effect that the only way to take care of the kitchen-cabinet door and the bathroom lavatory satisfactorily would be to replace them. The District Judge awarded plaintiff $10.00 for replacing the door and $54.00 for replacing the lavatory which was the low bid for these items.
These were manifestly apparent defects, having in fact been noticed by plaintiff during his occupancy of the house as a tenant. Since apparent defects are not subject to the redhibitory action (LSA-C.C. Art. 2521) plaintiff's only right to recover therefor would be by virtue of the letter-agreement.
Defendant contends that all he undertook to do by the letter-agreement was to give "attention" to these items; that he made no specific promise to do anything. We find no merit in this contention. The defects listed in the letter actually existed and defendant's agreement that "the above items will receive my attention" can mean nothing else except a promise to remedy them.
The replacement of the roof stands on a different legal footing. Plaintiff was aware before the Act of Sale that there were some broken shingles on the roof. These broken shingles were apparent defects, but that the roof had been improperly constructed was a fact unknown to him at that time. He contends that this condition was a hidden or latent defect and as such subject to redhibition. (LSA-C.C. Arts. 2475, 2476, 2520, 2541).
The testimony shows that prior to purchasing the house plaintiff had at one time *669 climbed on a ladder to remove leaves from the gutters and had noticed that some of the asbestos shingles were loose, but it is clear that he did not discover, and could not have discovered by simple inspection, the true condition of the roof as testified to by the two contractors who inspected the roof prior to making their bids.
Both of these contractors testified that the roof contained a large percentage of cracked shingles; that there had been a failure throughout to nail down the lower edges of the shingles in accordance with the manufacturer's instructions; that no clips had been provided for the ridge caps; that there had been a failure to caulk the roof joints; and that the felt had been laid improperly so that the ends of the rafters were exposed to moisture seeping through.
Both of the contractors testifying as experts said that the only way properly to remedy these defects in the roof caused by its improper construction would be to remove the existing caps, shingles, and roofing felt and apply new felt and shingles, making use of all available unbroken shingles. They testified that unless this were done water would eventually seep into the roof and leak into the house.
The defendant rested his case on his own testimony to the effect that all the roof needed was the renailing of a few shingles. He contends in this Court that this condition was apparent and was known to the plaintiff before his purchase and that if plaintiff is entitled to any recovery at all (which he denies) it could only be by virtue of the letter-agreement, and then only to the extent of the cost of renailing a few shingles.
The District Judge held that the plaintiff did not know the extent of the condition of the roof, that the extent of the defects was not apparent on simple inspection, and that plaintiff was entitled to recover $496.00 for replacing the roof, this being the lower of the two estimates.
We find no manifest error in the holding of the District Judge. In fact we agree with it.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.