COLE, Judge.
This is a redhibition suit in which plaintiffs, purchasers of defendants’ house, complain of a defective roof and a defective shower. The only issue is whether or not the defects were apparent so as to bar plaintiffs’ recovery under La. Civil Code art. 2521.[1]
The basic facts are as follows: Plaintiffs Richard and Suzanne Rice purchased a home from defendants Robert and Susan Lee, in November of 1980. The home was about 26 years old and had a slate roof. Immediately after moving into the house the Rices discovered the shower was leaking to the extent that the wall of the adjacent bedroom was wet. Several months later the Rices discovered various serious leaks coming from the roof. Attempts at negotiations to remedy the problem were made between the parties but to no avail. The Rices filed suit, alleging the defects were so severe so as to allow them a rescission of the sale or alternatively, a reduction in the purchase price.
After a trial on the merits the trial court gave oral reasons for judgment wherein it found that since plaintiffs were aware the roof was apparently 26 years old, they had a duty to make "... at least, a cursory inspection of that house including that slate roof.” The court commented further:
“From the testimony of Mr. Chatelain and the other people who had an opportunity to inspect the damage to the roof, it is obvious to the Court that those things must have been apparent had anyone taken the care to look. Mr. Lee could not be charged with knowledge of the apparent defects in the roof, nor could Mr. Rice be completely exonerated from his obligation to make, at least, a cursory examination.”
The court concluded that in fairness to all parties it would take the middle estimate of the three given to repair the roof and divide that amount in two. The court then chose to take the highest estimate for the shower repair and divide that amount in two. Based on this method the court awarded the plaintiffs $2,876.50 for the roof and $350.00 for the shower.[2] The court ordered the costs of trial be split by the parties. Defendants appealed, arguing the court erred in awarding damages in a case wherein it found the defects to be apparent.
We agree with appellants if the defects are found to be apparent, appellees are not entitled to recover for them. See La.Civ. Code art. 2521. We further agree with appellants the trial court did indicate, at least to some extent, it found the defects to have been apparent. After a careful examination of the record we conclude the court *607 erred in characterizing the defects as apparent. We agree plaintiffs are entitled to recover and therefore affirm the judgment of the trial court, although we do so for different reasons.
The testimony of the Rices and several expert witnesses constitutes a preponderance of the evidence establishing the roof and the shower both leaked, with these defects manifesting themselves within a short time after the sale of the home. In fact, appellants do not contend the house did not contain the alleged defects, they argue simply that whatever defects may have existed were apparent and therefore appellees should be denied recovery.
We disagree with the trial court’s indication that the defects were apparent. Concerning the roof, although perhaps plaintiffs could or should have observed some broken shingles, this fact alone does not mean the roof contained an apparent defect. In Glynn v. Delcuze, 149 So.2d 667 (La.App. 4th Cir.1963), it was held even though the purchaser of a house was aware of broken shingles and failed to inspect the roof for leaks, the defect was not apparent. This was so because a simple inspection would not have revealed the true nature of the defect — that the roof was improperly constructed. We feel the facts of the present case are analogous to the Glynn case. Here the apparent cause of the leaks was the fact that the felt underneath the slate shingles was rotting.[3] This fact would not be readily observable to the untrained eye. A simple inspection of the attic (which Mr. Rice testified he had performed) revealed no water damage. This was because “aluminum foil” insulating material covered the underside of the roof. It has been held there is no obligation on the part of the buyer to inspect with expertise or to “deface” the thing purchased while inspecting it, particularly when damage can be fully determined only by removal of the surface coverings. Fraser v. Ameling, 277 So.2d 633 (La.1973). Don Little, accepted by the court as an expert in general contracting, stated a person with an “untrained eye” would not have detected the roof problems by a simple inspection.
• Appellants argue since the Rices had knowledge of previous leaks, they were put on notice as to possible defects and therefore had a duty to investigate further. The record indicates Mr. Lee had informed the real estate agent of two previous leaks which had been fixed. The agent, Ms. St. Amant, testified she passed this information on to the Rices. Mr. Rice stated he had observed one water stain in the house and had been assured by Ms. St. Amant the leak had been repaired. However, in spite of this “notice” that leaks had existed at one time, we find the cases cited herein amply supports appellees’ argument they were under no extra duty to inspect the premises.
In Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir.1975), the purchaser was aware of leakage problems prior to the act of sale but was assured by the realtor the owner had replaced the roof. When leaks developed several months after the purchase, experts informed the purchaser that although the shingles had been replaced the problem was the “valleys” in the roof had not been replaced and were defective. This court held this was indeed a nonappar-ent defect so as to warrant a reduction in purchase price. The court noted even assuming the purchaser had been put on notice of previous leaks, “... the assurance of the owner and realtor that a new roof had been installed relieved them of the requirement to investigate further.”
In Garrett v. Gayle, 405 So.2d 622 (La.App. 3d Cir.1981), writ denied, 409 So.2d 669 (La.1982), the purchasers bought a house after noticing the roof contained curled shingles and rusting gutters. The trial court granted a summary judgment, denying plaintiffs’ recovery for the leaking roof, finding the defects were apparent and imposed upon them a duty to investigate *608 further. The Third Circuit reversed the summary judgment, saying the curling shingles and rusting gutters were merely indicative of age and did not constitute a defect which would put the purchaser on notice he should inspect for leaks.
In Verlander v. Hoffer, 351 So.2d 229 (La.App. 4th Cir.1977), writ denied, 353 So.2d 1037 (La.1978), the purchaser bought a 25 year old house with the original roof. The cause of the leak, as in the present case, was found to be the deteriorating felt. The court found in the purchaser’s favor when he sued for a reduction of price, concluding that in spite of the age of the roof, the purchaser had no reason to expect the roof to leak. See also, Hunter v. Wilson, 355 So.2d 39 (La.App. 3d Cir.1978), writ denied, 357 So.2d 1154 (La.1978).
In the present case photographs were introduced into evidence showing the water damage in the attic and showing the obviously rotten eaves of the house. However, we note these pictures were taken in June of 1982, more than a year and a half after the house was purchased. We simply can not assume the house looked the same in November of 1980 as it did in June of 1982.
Under these facts and considering the cited jurisprudence we conclude the defective roof was not apparent to the purchasers of the house. If the trial court concluded otherwise, it was in error.
Concerning the shower, the Rices testified they observed two tiles which had fallen from the lower part of the shower. They were assured the tiles would be replaced and stated they had no reason to suspect any further problems. Two witnesses at trial, Don Little, an expert in the field of general contracting, and S.C. Kennedy, an estimator for Defrances Marble & Tile Company, testified loose tiles have absolutely no bearing on a shower’s propensity to leak. The tiles are for cosmetic purposes only and it is what lays underneath the tiles — the concrete and the pan — that determine whether or not a shower will leak. Based upon these facts, we find the record clearly substantiates that the shower defects (i.e., the pan and subfloor concrete) were non-apparent. Accordingly, plaintiff is entitled to recover.
For these reasons, the judgment of the trial court granting recovery to plaintiffs is affirmed. Costs of this appeal are to be paid by appellants.
AFFIRMED.

. Art. 2521 reads as follows: "Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”

. Although the court’s method for awarding damages is highly unusual plaintiffs did not appeal nor file an answer to the appeal. Therefore we will not disturb the amount of this award. See La.Code Civ.P. art. 2133.

. Steve Creamer, accepted by the court as a roofing expert, testified he repaired a leak for the Lees in 1980. At that time he found evidence of rotten felt underneath the shingles.