68 So.2d 156 (1953)
DI PIETRO
v.
LE BLANC.
No. 3724.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
*157 DeBlieux & Hinton, Richard E. Burton, Baton Rouge, for appellant.
James D. Womack, Baton Rouge, for appellee.
CAVANAUGH, Judge.
This is a suit for the reduction of the purchase price and for damages in the sum of $300 resulting from alleged vices in a house purchased by plaintiff from defendant on August 30, 1950, for a consideration of $6,500. The plaintiff alleges that the roof of the house situated upon the land he bought from the defendant was defective in that no felt lining was under the roof and that the defendant, beside being a vendor of the property, was also a builder and contractor and erected the house upon the property, and that it was contrary to established and accepted building practices in the locality to construct a roof without the felt lining and that the defendant had knowledge that the roof did not have the felt lining under the shingles and that the defendant failed to apprise him of this defect and he would not have purchased the property if he had known the roof was defective. Attached to his petition is a certified copy of the deed evidencing the purchase. The defendant filed an exception of no right or cause of action and then answered the plaintiff's petition by general denial and alleged that he built the house for himself in 1946 and that he and his family occupied the house until June, 1949, then rented it to a tenant and sold the property to the plaintiff through Gulley & Poor, real estate dealers in the City of Baton Rouge. The defendant admits that the felt lining was not placed under the roof and affirmatively alleges that it was not necessary and denies that the absence of felt lining under the roof constituted a defect. Upon these issues the case was tried and the District Judge, for written reasons, rejected the plaintiff's demands. A formal judgment was read and signed, and from that judgment the plaintiff has prosecuted this appeal.
The Lower Court decided this case in favor of the defendant, because it did not consider the defendant's failure to place the felt lining under the roof such a vice or defect that mere proof of its absence brought the matter under the application of LSA-Civil Code Articles 2520 through 2548 and particularly under Articles 2541 through 2548, and because the facts in the case did not show that such vice or defect by the absence of the felt lining was such a defect or vice as comtemplated by the Codal Articles, and reasoned that, since the defect was discovered and came into existence several years after the completion of the building and since plaintiff observed that the roof was leaking and apparently made no inquiry or investigation about the condition of the roof other than to satisfy himself that the leak had been stopped, it was not such a vice or defect covered by the Codal Articles. The Court cites Bozeman v. McDonald, La.App., 40 So.2d 517, and McEachern v. Plauche Lumber & Construction Co., 220 La. 696, 57 So.2d 407, and held that since the vice and defect complained of was in a house four or five years old, there was no evidence in the case to show that the leak in the roof was caused by the absence of felt lining.
We believe that the Court, in its consideration of the case, did not consider the Codal Articles with reference to the obligation of the seller under the title of "Obligations". We find that under Article 2475:
"The seller is bound to two principal obligations, that of delivering and *158 that of warranting the thing which he sells",
and under 2476:
"The warranty respecting the seller has two objects; the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices."
The question here is whether or not the absence of the felt lining in a composition paper roof is such a vice in the house as to give rise to this action or if a leaky roof is such a vice or defect. The answer to these questions is found in the definition in Article 2520, which says:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The defendant in this case is a carpenter by trade and built the house for himself and occupied it for some time, then leased it to a tenant, and it was purchased by the plaintiff within a year of the filing of this suit. The following is quoted from Tuminello v. Mawby, 220 La. 733, 57 So.2d 666, 668:
"Under the French law as well as under the jurisprudence of this state the artisan, craftsman, builder, or manufacturer is presumed to know of the vice or defect in the article he constructs, manufactures, or builds."
A long list of French authorities are cited in this case to the effect that if the vendor who is a builder, workman, or manufacturer sells the things of his own fabrication, without revealing the defects to the purchaser, he is responsible in damage. The evidence in this case shows that the defendant would have applied the felt lining or some other form of protective covering between the shingles and the roof sheeting, if it had been available, as an added protection, and that the only reason for not applying it was because it was not available. The expert witnesses in this case state that the felt protects against the wind's raising shingles and whipping water under the roof. Surely defendant considered the felt lining necessary when he admits it would have been applied, if it had been available, but since it was not available and since he was building the house for himself, it was all right to apply the shingles without it. When he sold under warranty, a different situation arose, and he was bound, under the law, to declare the hidden defects. If he didn't, he was responsible. We do not believe it makes any difference for a proper decision here to hold that the absence of felt was a vice or defect in the construction to warrant the plaintiff relief. But if we did, we would say that felt lining under one of these composition roofs is required for a roof of this kind in the building trade because the expert testimony shows that it is always used and should be good for ten years when so constructed.
The illustration the Court makes that cypress sills are superior to pine sills, and that proof of the absence of cypress sills would not be accepted as conclusive proof of a vice or defect in a building is not appropriate. It is not a question of the quality or kind of the material in the roof, but it is a question of whether the thing purchased served the purpose for which it was bought.
The plaintiff in this case, when he purchased the house, was entitled to have the roof on that house free from defects, and if he did not receive from the defendant that kind of roof, he was entitled to have it repaired and collect the expense of the repairs from the defendant. The element of time between the date of the construction of the house and the sale by the defendant to the plaintiff has nothing to do with the right of the plaintiff to recover. All that is required of the plaintiff is that the suit be brought within one year after he discovers the defect, and that it would not have been discovered by simple inspection, and that he would not have purchased *159 the property, had he known of the defect. It goes without saying that at the time of the purchase, the shingles were on the roof and he had no way of knowing that the felt had not been applied. He could only determine the nature and extent of the defects when the heavy rains came, and he had to go into the loft and take receptacles and catch the water coming through the roof. We do not see any different situation here than existed in the case of Tuminello v. Mawby, supra, where small cracks first appeared in the walls of the house but later became so large that you could see through them from the outside.
The fact that the house was four or five years old when plaintiff purchased it is not material to the issue under the cases we have examined, and particularly under cases covering the sale and purchase of used automobiles. We think that a roof of a house should be free from leaks, the same as any other part of the house should be free from defects, and where a seller does not declare them, he is responsible. The roof is just as much a part of the house as the beams and foundation itself. We do not see any difference between a defective second-hand automobile which would not serve the purpose for which it was purchased and a house with a leaky roof. Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871; Tulane Law Review, Volume 4, page 435, "The type of vice that must prevail in the thing sold in order to give rise to a redhibitory action".
It is our opinion that this case comes under the rule announced in the following cases: Bozeman v. McDonald, La.App., 40 So.2d 517; Tuminello v. Mawby, 220 La. 733, 57 So.2d 666, 220 La. 733; DeArmas v. Gray, 10 La. 575; Doyle v. Fuerst & Kraemer, 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480.
The evidence shows that the roof could not be repaired and that it was necessary to remove the old shingles, install some new sheeting, new felt paper and asphalt shingles. The plaintiff paid $225 for the repair of the roof and $52 for repairs made necessary by the leaks through the roof on the wallpaper in the living room and kitchen, totaling $277. The plaintiff only sued for $200 for defects in his roof, and, of course, we cannot award $225 for this item when he only claimed $200. He paid $52 for the repairs made necessary for papering the living room and kitchen. Therefore, he would be entitled to recover of the defendant under the proof in the record the sum of $252.
For the reasons assigned, the judgment appealed from is avoided and reversed, and judgment is rendered herein in favor of the plaintiff, Sam DiPietro, and against the defendant, Arthur L. LeBlanc, Jr., in the sum of $252, with 5% per annum interest thereon from the date of the filing of this suit until paid, together with all costs.