FRUGÉ, Judge.
This is an action in redhibition whereby plaintiff seeks to rescind the sale of a house because of certain vices and defects in the premises. In the alternative, plaintiff requests a reduction of the price he paid for the house.
The trial court rendered judgment in favor of plaintiff on his alternative demand and awarded him a reduction of the price in the amount of $1167.00. This sum represented the cost of a completely new roof on the residence and an additional sum for the repair of a picture window.
Both plaintiff and defendant appealed.
*278 The defendant, Mrs. Oliver, is a rather elderly widow. Her husband had purchased the house in question several years before the trial of this case, and at that time it was not new. A couple of years after the death of her husband, defendant, Mrs. Oliver, decided to sell the house because it was too large for her alone. On April 28, 1966, she sold the house to plaintiff through a real estate agency. Plaintiff had looked at the house both on the inside and on the outside before purchasing it. In addition, his wife had viewed the house on other occasions prior to the purchase. Plaintiff and his wife were impressed by the attractiveness of the home, considering its age.
Defendant testified — and plaintiff does not claim otherwise — that she made no representation whatsoever concerning the condition of the roof on the house or the picture window, but instead, she left the entire thing up to her realtor.
The record indicates that the roof on the house in question was a very old one and had outlived its useful years. Actually there were two different types of roof on the house: One type, a gable roof lies over the main living area. There are also two flat shingle roofs, one over the back kitchen and the other over the front porch. There is no evidence in the record indicating that the main roof of the living area of the house had any leaks at the time of the sale, or that it leaks now. The expert testimony does indicate, however, that the roof needs to be replaced with a new one. The worn condition of the roof was observable on the ground by expert roofers, but the trial court found that a layman would not notice its worn condition. Apparently this roof had been on the house for at least twelve years before the time of the trial.
The first question is whether or not a worn and old roof necessarily constitutes a redhibitory vice or defect. See Civil Code Articles 2520 et seq. See also Civil Code Article 2476.
We have found no case which has announced the proposition that a roof on the used home, which is suffering merely from its age and normal wear, is a vice or defect sufficient to warrant the invocation of an action in redhibition.
Mrs. Oliver did not sell plaintiff a new home or a used home with a new roof. She sold plaintiff only the old type house that she owned. She made no representations that the roof was new or even that it was in good condition. It can only be assumed that plaintiff knew what he was buying and that he could not expect to receive any of the house in new or perfect condition under the circumstances.[1]
It would appear an unreasonable proposition for us to hold that by his silence, a vendor of an older house warrants that that house has a new or excellent roof.
In conclusion, we are of the opinion that the old and worn roof, which was not leaking at the time of the purchase, is not a vice or defect under the contemplation of the Civil Code articles on redhibitory actions, where the vendor made no representations whatsoever pertaining to its condition. Therefore, the sum of $893.00 for placing a new roof on plaintiff’s home is disallowed.
The trial court also awarded $274.00 for repair work on the flat portion of the roof on the back of the house, which because of some defect, caused rain to run into the house through a picture window whenever the wind was from a certain direction.
While the expert testimony may be confusing, we think the trial court made an error in the amount it awarded for this repair work. Plaintiff testified that *279 he had the picture window leak remedied by having a roofer repair part of the roof directly above the picture window. The cost for this was $134.50, which plaintiff had paid before the trial.
We feel that this leak was a substantial enough vice of the house as to warrant a reduction of the price paid for the house in the sum of $134.50.
The record reveals that Mrs. Oliver knew that the picture window leaked but did not mention it since she did not feel it was a serious matter. Plaintiff and his wife testified that within two weeks after they had moved into this house, a hard rain blowing from that side of the house caused water to enter from the top of the picture window in such quantities as to require their using buckets to contain it. Expert testimony revealed that the picture window leak was a result of faulty construction or the outworn condition of the shingle flat roof on the back of the house. The evidence shows that this leak existed before Mrs. Oliver sold plaintiff the house.
While there is some evidence that rea-conable inspection by plaintiff would have revealed that the varnish on the sill of the picture window was washed away, we do not feel, however, that this would have necessarily caused plaintiff to suspect that the roof itself was defective and leaking. Therefore, we find no manifest error on the part of the trial court in allowing this item.
Plaintiff also seeks recovery for a number of other claims, which, he urges, stem from vices or defects in the house and which the trial court disallowed. Without going into particulars concerning each of these claims, we will only remark that the record indicates that a good bit of the trouble plaintiff has experienced in regard to the drainage of the roof (damaging portions of his house) would be corrected if plaintiff would have the gutters along the edge of the roof cleaned periodically. The other items appear on their face to be so insignificant that they would not warrant the invocation of redhibitory action.[2]
On this appeal, plaintiff has re-urged this court to grant him a rescission of the sale. But we feel that the trial court was quite correct in refusing to grant that remedy. See Civil Code Articles 2541-44.
For the foregoing reasons, the judgment of the trial court is amended so as to reduce the award in favor of plaintiff from $1167.00 to $134.50; and as amended, the judgment is affirmed at appellee’s cost.
Amended and affirmed.

. Merely as an analogy, it might be asked if a purchaser of a six-year-old used automobile could properly expect that that automobile have excellent brakes or a new suspension system or new shock absorbers, where the seller has said nothing of the condition of the vehicle.

. Civil Code Article 2520 provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”