405 So.2d 622 (1981)
Phillip Nelson GARRETT, Plaintiff-Appellant,
v.
John Leo GAYLE, William Joseph Gayle, Phillip Anthony Gayle, and Mrs. Henrietta M. Gayle, Defendants-Appellees.
No. 8386.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
Rehearing Denied November 20, 1981.
Kenneth Michael Wright, Lake Charles, for plaintiff-appellant.
McHale, Bufkin & Dees, Michael K. Dees, Lake Charles, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff, claiming that the house he purchased from defendants contained a hidden redhibitory defect (a leaking roof) of which he was not told by defendants and which he did not discover prior to the sale, filed a petition for redhibition seeking to rescind the sale, or in the alternative, to reduce the purchase price of the house. Defendants filed a motion for summary judgment which was granted by the trial court.
Plaintiff has appealed.
Defendants offered three depositions in support of their motiontwo by plaintiff and one by his wife. The depositions reveal that plaintiff and his wife twice visited the house before purchasing it. On the first visit, from outside the house, plaintiff observed that the gutters had rusted out and that some shingles on the roof were starting to curl. He testified that he understood from this phenomenon that either "there's something wrong with the roof or it's getting too old"; that the roof "was bad or going bad"; and that "if there was a problem and the roof was bad ... water would eventually seep in through it and come through the house."
On his second visit to the house, plaintiff climbed into the attic, particularly to check the heating unit, the ducts, and the pipes located there. While he was in the attic, he walked as far as he could along a boardwalk running the length of the house in order to inspect the inside of the roof. However, he did not inspect those areas of the roof near where the roof meets the ceiling, because those areas were dark and inaccessible except to one who crawled thereto, something plaintiff did not or could not do. With respect to those portions of the inside of the roof which he did inspect, though, plaintiff did not see any evidence of leaking.
Based on the above facts, the trial court held that there was no disputed issue *623 of material fact that plaintiff had knowledge, prior to his purchase of the house, that the roof had apparent visible defects, or that he would have had such knowledge with further inspection of the roof after first noticing apparent visible defects as required by a reasonably prudent buyer acting under similar circumstances. Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963).[1] We reverse. The duty to further inspect after first noticing apparent visible defects has no application here because the depositions do not establish that plaintiff had knowledge of any apparent visible defects in the roof which caused the roof to leak.
This Court, in Goldberg v. Oliver, 212 So.2d 277 (La.App. 3rd Cir. 1968), application denied 252 La. 896, 214 So.2d 719 (1968), application denied 253 La. 649, 219 So.2d 178 (1969), opined that an old and worn roof, which was not leaking at the time of purchase, was not a vice or defect under the contemplation of the Civil Code articles on redhibitory actions, where the vendor made no representation whatsoever pertaining to its condition. Other cases have held that a leaking roof, even though it may be old and worn, is a redhibitory defect entitling the purchaser to rescission of the sale or reduction of the purchase price if the purchaser was unaware of and had no reason to expect the leak prior to the sale and the evidence established that the leak occurred prior to the sale. Hunter v. Wilson, 355 So.2d 39 (La.App. 3rd Cir. 1978), writ denied 357 So.2d 1154 (La.1978) and cases cited therein, and Verlander v. Hoffer, 351 So.2d 229 (La.App. 4th Cir. 1977), writ denied 353 So.2d 1037 (La.1978).
The depositions reveal that the only "apparent visible defects" of which plaintiff was aware were the rusted gutters and curling shingles. Although none of the depositions establishes the age of the house and/or roof, it seems reasonable to assume, from the condition of the gutters and shingles, that the house was fairly old. Assuming this to be the case, we conclude, under the Goldberg rationale, that the curling shingles were merely indicative of age and wear and did not constitute a defect which would put plaintiff on notice that he should inspect for leaks. Plaintiff did not otherwise notice any evidence of leaking prior to the sale, even though he inspected as much of the inside of the roof as he could from the attic and he had no reason to expect that he was purchasing a house with a leaky roof, since the defendants made no representations pertaining to the condition of the roof. The depositions show that it was not until a couple of months after the sale that plaintiff observed leaks after a heavy rainand discovered that certain water-stained areas of the ceilings of the house had been recently painted over by the previous owner.
The duty to investigate further, imposed by Pursell, applies in a situation where the defect complained of is partially apparent. Under Goldberg, a visibly worn roof, in and of itself, is not a defect which would put one on notice to inspect for leaks in the roof.
Having found that the Pursell rule does not apply, we remand the case to the trial court for further proceedings.
We must bear in mind that summary judgment is not a substitute for trial. We stated recently in the case of LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir. 1979):
"The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt concerning the existence of such should be resolved against the mover and in favor of a full trial on the merits. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir. 1974). Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue.

*624 Dougharty v. Calkraft Paper Co., 335 So.2d 772 (La.App. 3rd Cir. 1976)."
For the above and foregoing reasons, the summary judgment granted by the district court is reversed, and this case is remanded for further proceedings. All costs are assessed against the defendants.
REVERSED AND REMANDED.
NOTES
[1] In Pursell, obvious termite damage was visible to the purchaser prior to the sale. The Supreme Court held that the known presence of some termite damage necessitated further inspection on the purchaser's part to determine whether other areas of the premises suffered termite damage.