427 So.2d 60 (1983)
Elliott M. BAIN
v.
Nancy ANDERSON.
No. CA 0203.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
*61 Lucas F. Bruno, Jr. and James J. Grevemberg, New Orleans, for defendant-appellant.
Robert E. Kerrigan, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for plaintiff-appellee.
Before REDMANN, SCHOTT and WILLIAMS, JJ.
SCHOTT, Judge.
This is an action by the purchaser of real estate against his vendor for a reduction in the purchase price because of defects he discovered in the property following his purchase. From a judgment in his favor for $1,960 to remedy three specific defects, $2,000 of attorneys' fees and $250 for an expert witness fee, defendant has appealed. The issues are whether plaintiff proved that the defects existed at the time of the sale and that they could not be discovered prior to the sale by a simple inspection of the premises, whether the record supports plaintiff's entitlement to attorney' fees, and whether the proper procedure was followed for the award of the expert witness fee.
Plaintiff, Elliott M. Bain, purchased this property from defendant, Nancy Anderson, on July 30, 1979, for $190,000. The property consisted of three buildings on a site between Hayne Boulevard and Kuebel Street in the City of New Orleans and contained 10 apartment units. Around August 22 plaintiff was advised by the tenants at 6209 and 6211 Kuebel Street that they had a problem at these units with water entering the rear of the apartments from an adjacent patio following heavy rainfall. Mr. and Mrs. Lewis, the tenants at 6209 Kuebel finally vacated their apartment following a heavy rain in September with resulting water in their bedroom. Sometime thereafter plaintiff was advised by his tenant at 6210 Hayne Boulevard that water was leaking into his apartment at a point where the ceiling met the rear wall. Plaintiff employed a contractor who determined that the leaking at 6210 Hayne Boulevard was caused by water accumulating on a wooden porch on the second floor and adjacent to the rear wall of the first floor apartment on Hayne Boulevard. The floor boards on this porch had buckled preventing the water from running away from the building and the absence of flashing between the porch and the building caused water to seep inside of the apartment. As to the seeping of water at the ground level into the rear of the apartments 6209 and 6211 Kuebel Street the contractor found this was caused by a combination of the patio slab adjacent to the building being on a slope toward, rather than away from, the building and a build up of the grassy area adjacent to this patio which caused water to run on to the patio rather than off the property. Remedial work would consist of installation of flashing and replacement of the floor boards at 6210 Hayne for $330, grading of the center courtyard or grassy area for $850, and replacing the slab for $780. The trial judge found that plaintiff had proved his case so as to be entitled to these amounts claimed, and that defendant was in bad faith in that she knew of the existence of these defects when she sold the property to plaintiff and failed to advise him of such, subjecting her to attorneys' fees.
The purchaser is entitled to a reduction in the price of the thing sold when it proves to be defective. LSA C.C. Arts. 2520, 2541, and 2542. However, the purchaser is not entitled to maintain such an action if the defect is one which he might have discovered by simple inspection. Art. 2521. Where some damage is apparent to a *62 purchaser it is his duty to make a further investigation in the manner of a reasonably prudent buyer acting under similar circumstances. Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (La.1963). Where the seller knows of a defect and fails to disclose it to the purchaser the seller is liable for expenses, including "reasonable attorneys' fees" in addition to the reduction of the price. Art. 2545.
Prior to his purchase of the property plaintiff visited it only once and did not enter any of the apartments. The extent of his inspection of the inside was to look through some of the undraped windows from the outside. Defendant contends that had plaintiff made a simple inspection of the interior of the apartments he would have discovered the defects so that he is not entitled to recover for them. As to the leaking at 6210 Hayne Boulevard we agree with that contention. The record shows that there were water stains where the ceiling met the rear wall in that apartment and this would have been apparent to plaintiff had he taken the trouble to inspect the interior. Any reasonable purchaser who sees water stains on the ceiling of a room is put on notice of the presence of one or more leaks. Art. 2521 prevents his recovery for such a defect. Thus, the trial court committed manifest error in awarding plaintiff $330 to repair the buckled flooring on the back porch which was causing this problem and the judgment will be amended to delete this item.
As to the leaking or seepage into the rear of the apartments at 6209 and 6211 Kuebel as the result of the improper grade of the courtyard and the improper sloping of the patio, this was not a defect discoverable by simple inspection. While there was some evidence of stains on the floor board of the apartment at 6209 Kuebel, as well as an unpleasant odor from the carpeting in this apartment following rain, it seems clear that plaintiff could not discover this defect unless rain had occurred prior to his purchase and the time when he should have conducted his inspection. As long as there was no heavy rain the defects would not manifest themselves. Furthermore, the defect was not discoverable to an ordinary person inspecting the rear courtyard and patio. Defendant produced an expert who took elevations of the patio and these established that the patio was about an inch lower on the house side of the slab than on the courtyard side. Had plaintiff conducted his inspection at a time when water was standing on the low side of the patio adjacent to the apartments perhaps he may be said to have been put on notice as a reasonable buyer that a problem might exist but nothing in the record suggests that this opportunity was available to plaintiff before he made his purchase. We cannot conclude that the trial judge committed manifest error in his finding that these defects in the courtyard and patio were not discoverable by a simple inspection so as to entitle plaintiff to recover. Plaintiff is entitled to the award of $1,630 to cure these defects in the courtyard and the patio.
Defendant next contends that plaintiff is not entitled to attorneys' fees because he failed to prove that defendant knew of the defect and failed to disclose it to plaintiff before the sale. Plaintiff testified that Mr. Lewis told him he had on at least two occasions complained to defendant of water seeping into his apartment. Plaintiff further testified that after he wrote to defendant on August 22, advising her of this problem, she called him and told him that she had been informed of it but had not had time to rectify the problem before the sale. Defendant denied having any knowledge of the problem. The trial judge resolved this conflict of testimony in favor of plaintiff and there is no basis for this court to disturb this credibility call. Thus, plaintiff is entitled to attorneys' fees under Art. 2545. Defendant also takes issue with the quality of plaintiff's proof in support of the amount of attorneys' fees and argues that the amount awarded is excessive, especially considering the amount in relation to the principal amount of the claim. Plaintiff's attorney proffered his office records to show that some 22 hours of attorneys time had been spent on the case prior to the *63 trial which took another 6 hours, and defendant objected on the ground that the record was hearsay and that she was entitled to cross examine plaintiff's attorney as to the time. The trial judge ruled that all of the legal services were performed under the eye of the court and were readily subject to evaluation by reference to the record and he made the award of $2,000 on that basis. From our own examination of this record we cannot say that the award constituted an abuse of discretion on the part of the trial court. Next, we do not subscribe to defendant's view that an award of $2,000 for the attorneys' fee is necessarily excessive simply because the principal amount awarded was only $1,960. The legislature saw fit to penalize the bad faith seller by imposing attorneys' fees in such a case and that intention would be frustrated if a buyer would have to absorb the greater part of the attorneys' fee where a small amount is involved in the undisclosed defect. We are not persuaded that the attorneys' fees awarded in this case were out of proportion under the circumstances.
Finally, the defendant contends that the expert witness fee of $250 assessed against defendant was improperly awarded because she was entitled to a hearing on a contradictory rule to set this award. Defendant's position is not supported by R.S. 13:3666 which confers on the trial court the right to determine the fees of expert witnesses from the testimony adduced upon the trial of the cause without the necessity of a contradictory rule.
Accordingly, the judgment appealed from is affirmed but is amended to reduce the principal amount of the award to $1,630 with the award of $2,000 for attorneys' fees and $250 for the expert witness fee to remain intact. The costs of this appeal are divided between plaintiff and defendant, and all other costs are assessed against defendant.
AFFIRMED AND AMENDED.