AUGUSTINE, Judge.
Plaintiff Frank Tardo brought this action in quanti minoris against defendants Myra Seither McKeever and Lois Gutierrez for a reduction in the purchase price of a house. The defendants filed a third party demand against Don Clement Heating and Air Conditioning Inc., for breach of contract. The trial court held for the defendants and Mr. Tardo appeals. We reverse.
During the fall and winter months of 1980 negotiations for the purchase of a house went on between Mr. Tardo and Mrs. McKeever. The house was owned in indivi-sión by Mrs. McKeever and Mrs. Seither, and Mrs. McKeever resided in the house. In November of 1980 the house heater malfunctioned and Mrs. McKeever contacted Don Clement Heating and Air Conditioning, Inc. Kenneth Blum, at that time an employee of Don Clement’s, went to the house to fix the heater. Both Mr. Blum and Mrs. McKeever testified that the heater was making a loud thumping noise prior to this repair. The bill reflected that Kenneth Blum “[b]olted hub to existing squirrel cage. Replaced bad blower motor. Heater checks out O.K.” Mrs. McKeever stated that the noise ceased after this repair.
The heater continued in good working order while Mrs. McKeever resided in the house, i.e. until November 30, 1980. Thereafter, Mrs. McKeever continued to use the heater when she visited the dwelling. Following the repair of the heater, Mr. Tardo visited the house at least twice, once when it was vacant. On March 12, 1981 Mr. Tardo purchased the residence for $52,000.
In August Mr. Tardo called Kenneth Blum, who then operated his own heating and air conditioning service. Mr. Blum was called either to determine whether the heater was working properly, or to give Mr. Tardo an estimate on a new heating unit. At that time Mr. Tardo turned on the heater and it made a loud noise. On Mr. Blum’s advice Mr. Tardo allowed Mr. Blum to install a new unit. Subsequently Mr. Tardo filed this suit for a reduction in the purchase price of the house claiming that *341 the heater was defective at the time of the sale.
When a house is sold with a heating system already installed, the heating system forms as much a part of the house as does the foundation or the roof and is covered by the vendor’s warranty. If the heating system proves to have hidden vices which existed at the time of the sale and which were such as to render it useless and unsuited for its purpose, the buyer has an action for redhibition or diminution of the purchase price.
Cipriano v. Superior Realty & Construction Company, 228 La. 1065, 84 So.2d 822 at 826 (1955).
LSA-C.C. Art. 2544 states that “[t]he action for reduction of price is subject to the same rules and to the same limitations as the redhibitory action.” “[T]o maintain an action of redhibition the plaintiff must prove that the vendor sold a thing to him, that the thing contained a hidden vice, not apparent by ordinary inspection which subsequently rendered the thing unfit for use, that the vice existed at the time of sale, and that the vendor did not advise him of it.” Peters v. Pattison Pontiac Co., 259 So.2d 99, at 101 (La.App. 4th Cir.1972).
“The warranty against redhibitory defects in sales .of used equipment is not as extensive as in sales of new equipment but it does require the equipment to operate reasonably well for a reasonable period of time.” Dunn v. Pauratore, 387 So.2d 1227 at 1231 (La.App. 1st Cir.1980).
Since there was no dispute that a sale took place between the parties, the first issue for our determination is whether the vice complained of actually existed at the time of the sale. “The buyer may prove the existence of the redhibitory defect before the sale by direct or circumstantial evidence giving rise to a reasonable inference that the defect existed at the time of the sale. Rey v. Cuccia, 298 So.2d 840 (La.1974); Womack and Adcock v. 3M Business Products Sales, Inc.), 316 So.2d 795 (La.App. 1st Cir.1975).” Cox v. Lanier Business Products, Inc., 423 So.2d 690 at 693 (La.App. 1st App. 1st Cir.1982).
The trial court held that the plaintiff “failed to carry his burden to prove by a preponderance of the evidence: (1) that the heater was defective.” In making that determination the trial court apparently relied on the following findings of fact: that the heater had been successfully repaired by Kenneth Blum in November of 1980; that Blum stated that the heater was “OK”; and that the heater worked properly until the date of the sale. However, the mere fact that the heater was successfully repaired in 1980 and worked until the date of sale does not mean that it was not defective. Indeed the circumstantial evidence would seem to indicate otherwise. When the heater broke down in November 1980 it was fifteen years old. There is also no dispute that this was the first time Mr. Tardo had turned the heater on since the sale. These findings of fact are inconsistent with the judgment of the trial court. Taking this evidence as a whole it is clearly more probable than not that the heater was defective at the time of the sale and we therefore reverse the trial judge’s conclusion to the contrary.
In addition we must determine whether the defect in the heater rendered the house unfit for its intended use or its use so inconvenient or imperfect that a reasonable buyer would not have purchased it. The problem we are confronted with here, is that there is no testimony that the heater did not heat, rather it apparently emitted heat and a loud noise. A properly functioning heater does not make a loud noise. The warranty governing the house therefore guarantees, not only that the heater emit heat but that it will do so relatively quietly. Consequently we determine that the defect in the heater rendered the use of the house so imperfect that a reasonable buyer would not have paid the quoted purchase price for the residence.
Having found that a defect existed in the heater at the time of sale we must determine whether the defect was discoverable by ordinary inspection. Apparently there was no outward physical sign of the *342 heater’s defect, discoverable by mere physical inspection. Mrs. Seither testified that she told Mr. Tardo that all of the component parts of the house were in good working order. Mr. Tardo was entitled to rely on that representation. Mrs. Seither further testified that the heater worked properly until .the day she moved out of the house, and worked on those days she returned to the house when it was vacant, before the sale. Given these uncontradict-ed facts Mr. Tardo would not have discovered the defect even if he had inspected the heater by turning it on. We therefore hold that under these circumstances the defect would not have been' discovered by ordinary inspection.
The final requirement for an action in quanti minoris is that the seller not have advised the buyer of the defect. As we noted above, not only did Mrs. McKeever fail to inform Mr. Tardo of the repair, she stated, in good faith based upon her understanding of the repair work, that the component parts of the house were in good working order. There is no doubt that Mrs. McKeever did not notify Mr. Tardo of the heater’s defect.
Because we find that Mr. Tardo proved that when the house was sold it contained a latent redhibitory defect, we must determine the amount by which the purchase price of the house should be reduced.
It is well established that “the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted.” Lemonier v. Coco, 237 La. 760, 112 So.2d 436 at 438 (1959), see Verlander v. Hoffer, 351 So.2d 229 (La.App. 4th Cir.1977). The house was warranted to have a non defective heater, not a new central heating and air conditioning unit. Mr. Clement testified that in his expert opinion a non defective heater of that age was worth $400.00. He also testified that a defective heater was worth $75.00. The difference between the worth of the non defective heater and the defective heater is $325. Thus we award Mr. Tardo a $325.00, reduction m the purchase price of this house.
For the foregoing reasons the decision of the trial court is reversed and set aside and judgment is now rendered in favor of the plaintiff Frank Tardo for the sum of $375.00 with legal interest from the date of judicial demand until paid. The costs of this appeal to be divided equally between the appellant and the appellee.