SAVOIE, Judge.
This is a suit in quanti minoris involving the sale of a house. At the conclusion of the trial, the trial court rendered a judgment in favor of plaintiffs, Dana and Craig Foret, against defendant, Dorothy Masek Kennedy, ordering a reduction in the purchase price in the amount of $1850. The plaintiffs have appealed that judgment.
Plaintiffs assign as error the following: (1) the trial court erred in not finding that all the heating and electrical defects in the house would be considered defects under the redhibition law of Louisiana; (2) the trial court, in failing to award attorney’s fees to the prevailing party, did not properly apply Louisiana Civil Code Article 2545; and (3) the trial court erred in failing to reduce the purchase price to an amount equal to the amount of money the appellants spent repairing the heating unit and electrical system in the house.
The facts of the case show that the house in question was built in 1956. The defendant was the first owner of the house.[1] When the house was purchased, it had a central heating unit. The defendant’s husband installed a central air conditioning system sometime between 1967 and 1969. Mr. Kennedy also enclosed a carport at some time subsequent to his wife’s purchase of the house. The plaintiffs, with knowledge of the foregoing facts, purchased the house on July 31, 1981. Approximately one week later, plaintiffs had Glenn Baker’s Heating and Air Conditioning Service perform an inspection of the central heat and air system. This inspection apparently found no irregularities in the system. According to plaintiff’s testimony, they started using the central heating system during the first week of December, 1981. The plaintiffs testified that they experienced problems with the pilot light extinguishing itself, and having to be re-lit. On January 31, 1982, plaintiff Craig Foret testified that he was shocked when he touched a bare wire, while he was in the process of relighting the pilot light.
John D. Andre, an air conditioning and heating serviceman, was then called by the plaintiffs. He testified that he inspected the heating system and recommended that the whole system be completely changed. He stated that he suggested this because, “The heater itself had slight evidence of a heater exchanger leak in it. The plenum, the air return and the transition had not been insulated properly at all and would cause sweating in the box.” Mr. Andre also stated that he changed the heater, the four-ton evaporator coil, the plenum box, the return air, transition, and the new filter and grill. The cost of this work was $2014.00, which was paid by plaintiffs. On re-cross examination, Mr. Andre stated that the hole in the heat exchanger was caused by gradual deterioration or rust or so forth, and that the heater had gotten to the point where it was worn out.
Leonard Spencer was the next witness called by plaintiffs. Mr. Spencer testified that he was not a licensed electrician, but that the plaintiffs had asked him to inspect their electrical system. He stated he had gone into the attic and had come across a number of wires which were openly spliced and going nowhere.
Plaintiffs next called A. Roy Dickerson. Mr. Dickerson stated that he is chief electrical inspector for the East Baton Rouge City-Parish, and that he had been requested to make an inspection of plaintiffs’ house. Mr. Dickerson stated that much of *1241 the wiring was not up to current National Electric Code standards. (Emphasis ours).
Homer A. “Tony” Martin then testified for plaintiffs. Mr. Martin is an independent heating, air conditioning, and electrical inspector. He was accepted as an expert in heating and air conditioning, and electrical inspections. Mr. Martin stated that he inspected the house and found several things wrong. In particular, he found that the return air vent was too small for the system, and that the unit was not properly insulated. He also found some opened junction boxes with raw wires protruding. Mr. Martin stated that there was not a non-combustible platform under the heater, and that the controls were on the wrong side of the heater.
Plaintiffs also called Jerry Lovett. Mr. Lovett testified that he is an electrical contractor, and that he rewired the plaintiffs’ house. He was accepted as an expert in the field of electricity installation. He testified the original wiring was not up to the current code specifications and that the cost of rewiring the house to bring it up to those requirements was $1959.00. (Emphasis ours).
ASSIGNMENT OF ERROR NO. 1
In the first specification of error, plaintiffs complain that the trial court erred in not finding that all the heating and electrical defects in the house would be considered defects under the redhibition law of Louisiana. However, plaintiffs do not specify what defects were not considered when the trial judge awarded the reduction in the purchase price of the house. Since the trial judge did reduce the purchase price, we must assume that all defects were considered and, therefore, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
In assignment of error No. 2, plaintiffs allege the trial court was in error in not granting attorney’s fees under C.C. art. 2545. This article states: “The seller, who knows of the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorney’s fees, is answerable to the buyer in damages.”
In order to show that the defendant had knowledge of the defect in the electrical system, plaintiffs argue that the defendant knew that an electrical switch in the den did not work. In order to show knowledge of defects in the heating system, plaintiffs argue that defendant was aware that her husband had done work on the heating system, and had added insulation in the house. The record reflects that this information was given to plaintiff by defendant prior to the sale of this house.
The trial court found that there was no showing whatsoever that the defendant knew of any undeclared defects. The record supports this conclusion. Therefore, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
In specification of error No. 3, plaintiffs argue that the trial court erred in failing to reduce the purchase price to an amount equal to the amount of money appellants spent repairing the heating unit and electrical system in the house. Plaintiffs argue that they are entitled to a full recovery based on Fraser v. Ameling, 277 So.2d 633 (La.1973), in which the court stated the rule that the measure of recovery in an action in quanti minoris involving a building is the amount necessary to convert the unsound structure into a sound one.
In Dunn v. Pauratore, 387 So.2d 1227 (La.App. 1st Cir.1980), the court stated:
“We are cognizant the purchaser of an older house can expect to replace some of the integrated component parts from time to time and should not expect the same useful life from them as afforded in a new house. However, in our view, the buyer of any house has the right to expect and is entitled to receive functional living conditions at the time of purchase. A heating unit which cannot be operated safely at the time of sale deprives the occupant of an essential element of a home without which the pur *1242 chase undoubtedly would not have been made. In this instance, we hold the seller warranted only that the heating unit was free from hidden defects on the date of the sale which would prevent its use to safely warm the interior of the house.”
The court further stated:
“The warranty against redhibitory defects in sales of used equipment is not as extensive as in sales of new equipment but it does require the equipment operate reasonably well for a reasonable period of time.”
The evidence in this case shows that the plaintiffs had the heating system inspected by Baker Heating & Air soon after the purchase of the house. According to their testimony, the inspection did not reveal any defects. Plaintiffs’ own witness testified that the hole in the heat exchanger was caused by gradual deterioration or rust. The trial judge stated in his oral reasons for judgment: “But there is no way the court feels that a person should move into a twenty-four year old home, unless there is an express agreement to the contrary, and be awarded a brand new heating, air conditioning, new ducts, new electrical, because to do so, of course, you would say that whenever anyone sells an older home all things have to be new.” We agree with this conclusion.
As to the electrical work, the trial judge found that the evidence did show there were some latent defects in the electrical wiring, as, for example, hot wires that simply terminated in the attic. However, he did not feel as though the defendants should be responsible for the costs of completely rewiring the house, and with this, we also agree.
In a successful action for reduction of the purchase price, the amount to be awarded is the difference, at the time of the sale, between the value of the thing sold in its defective condition and its value as warranted. Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (1959). The trial judge has wide discretion in the setting of damages in an action for quanti minoris. Ver-lander v. Hoffer, 351 So.2d 229 (La.App. 4th Cir.1977). The trial judge in the present case decided that the sum of $1850.00 would suffice for the defects present in the house. The record does not support a finding that this was an abuse of that wide discretion. The judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.

. The house was the separate property of Mrs. Kennedy.