467 So.2d 1277 (1985)
Gladys A. SMITH
v.
Mr. and Mrs. Shih How CHANG.
No. CA-2628.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
*1278 Joseph W. Thomas, New Orleans, for plaintiff-appellee Gladys Smith.
Charles F. Barbera, Metairie, for defendants-appellees Mr. and Mrs. Shih How Chang.
Before BARRY, BYRNES and WARD, JJ.
BARRY, Judge.
In this redhibitory action defendants appeal a $3,955.00 judgment for reduction in the purchase price of a condominium and attorney's fees. We affirm.
Defendants admitted that a tenant, who moved out in April, 1980, complained of a roof leak and Cardinal Realty Company *1279 was hired to fix up the condo for sale. The roof was repaired for $295.00 and warranted for one year. Plaintiff rented the unit in November, 1980 and complained of a roof leak which was repaired. The following month plaintiff bought the condo and did not experience a roof leak for six or seven months until after a heavy rain. Water stains were visible and her personal possessions were damaged. Plaintiff testified there were no stains at the time of her purchase and she had never spoken to defendants before or after the sale.
Plaintiff did not have money for a new roof, so in January, 1982 she paid $755.00 for minimal repair work. However, she still experienced water seepage along a brick wall. Wong Farnell gave plaintiff an estimate dated November 14, 1983 for a new roof to cost $2,600.00. Mr. Farnell testified as an expert and estimated roof and interior repairs at $10,763.00.
Plaintiff conceded the condo was about six years old when she purchased it. Mr. Farnell stated the life expectancy of the condo's flat built-up roof was five to ten years. The roofer inspected the condo and concluded the leak existed for a long time.[1] Plaintiff's neighbor testified she saw the leaking.
The law provides that a seller warrants against hidden defects in the thing sold. La.C.C. Arts. 2475 and 2476. A sale may be avoided on account of some vice or defect in the thing sold which renders it either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. La.C.C. Art. 2520. Apparent defects discoverable by simple inspection are not redhibitory vices. La.C.C. Art. 2521. The buyer must prove that the vice existed before the sale if the defect does not manifest itself within three days. La.C.C. Art. 2530. In a redhibitory suit, the judge may decree merely a reduction in price. La.C.C. Art. 2543. The action for reduction of price or quanti minoris is subject to the same rules that govern an action in redhibition. La.C.C. Arts. 2541 and 2544.
A house with a leaking or defective roof fails to serve the purpose for which it was acquired. Russell v. Bartlett, 139 So.2d 770 (La.App. 4th Cir.1961); DiPietro v. LeBlanc, 68 So.2d 156 (La.App. 1st Cir. 1953). See also Sallinger v. Mayer, 304 So.2d 730 (La.App. 4th Cir.1974). A leaking roof, even though old and somewhat worn, has been recognized as a redhibitory vice if the buyer was unaware of and had no reason to expect the leak and the evidence established that the leak occurred prior to the sale. See Hunter v. Wilson, 355 So.2d 39 (La.App. 3rd Cir.1978), writ denied 357 So.2d 1154 (La.1978); Verlander v. Hoffer, 351 So.2d 229 (La.App. 4th Cir.1977), writ denied 353 So.2d 1037 (La. 1978). See also Rice v. Lee, 442 So.2d 605 (La.App. 1st Cir.1983); Garrett v. Gayle, 405 So.2d 622 (La.App. 3rd Cir.1981), writ denied 409 So.2d 669 (La.1982). Contra Goldberg v. Oliver, 212 So.2d 277 (La.App. 3rd Cir.1968), writ denied 252 La. 896, 214 So.2d 719 (1968), writ denied 253 La. 649, 219 So.2d 178 (1969).
Under La.C.C. Art. 2531 the seller is bound to repair the vices in the thing sold. The leaky roof and the resultant damaged interior can be considered defective and must be repaired. See Gonzales v. Schultis, 427 So.2d 669 (La.App. 4th Cir.1983); Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir.1975). The estimate for a complete joba new roof and repair of damage resulting from the leaking roofwas $10,768.00. Defendant contends the trial court awarded the cost of a new roof which would constitute unjust enrichment under the rationale of Slagle v. Morgan, 410 So.2d 371 (La.App. 4th Cir.1982) and Verlander v. Hoffer, supra. However, the court only granted $755.00 for prior roof repairs and an additional $2,000.00 for additional *1280 repair work.[2] The judge noted that plaintiff was not entitled to the full cost of repairing everything without considering depreciation.
The trial judge has wide discretion in setting an award for quanti minoris. Foret v. Kennedy, 459 So.2d 1239 (La. App. 1st Cir.1984). The existence of a redhibitory vice and the amount awarded in quanti minoris are questions of fact and should not be disturbed absent manifest error. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980).
Exercising his discretion, the trial court decided to grant the reduction in price. The general rule for the measurement for damages in quanti minoris actions is a determination of the difference between the value of the defective thing at the time of the sale and the value as warranted by the seller. Tardo v. Seither, 452 So.2d 339 (La.App. 4th Cir.1984); Verlander v. Hoffer, supra. When real estate is involved, the allowable diminution should be the amount necessary to convert the unsound structure into a sound one. Lemonier v. Coco, 237 La. 760, 112 So.2d 436 (1959); Slagle v. Morgan, supra.
The record clearly supports the finding that a hidden defect existed at the time of the sale. Plaintiff was only aware of a small leak over the washroom which purportedly had been repaired before the sale. Even if she had climbed upon the roof and examined it prior to the sale, an inspection process not imposed upon the buyer, Hunter v. Wilson, supra, there is no evidence the leak would have been visible. There was a roof problem in May, 1980, subsequent repairs by the defendants, then additional problems less than one month prior to the sale. The expert roofer testified the roof had been deteriorated for several years. Sufficient evidence, both direct and circumstantial, was presented from which the trial court could reasonably conclude that the defect existed at the time of the sale. See Slagle v. Morgan, supra.
The remaining contested awards are $700.00 for plaintiff's possessions (taking into account depreciation and use) and $500.00 attorney's fees. In order to be answerable for damages and attorney's fees in a redhibitory action, the seller must know of the vice of the thing and omit to declare it. La.C.C. Art. 2545; Bain v. Anderson, 427 So.2d 60 (La.App. 4th Cir. 1983). A vendor who is not the manufacturer or builder of a house is not presumed to have knowledge of the vice; it must be proven that the seller knew of the defect. Rider v. LeCompte, 398 So.2d 114 (La.App. 3rd Cir.1981).
Defendants were informed by the prior tenant that the roof leaked and hired Cardinal Realty Management Company to arrange for minimal repairs costing $295.00. Water stains on the ceilings and walls were covered by a special stain killer and painted. Several weeks prior to the sale, plaintiff complained of a roof leak. Yet neither the real estate agent, the management company, nor defendant mentioned any serious roof problems to plaintiff before she purchased the condominium. Defendants, who were living in California at the time of the sale, apparently did not have first hand knowledge of the leaking roof. However, knowledge can be imputed to the seller in some instances. Pickron v. Krebs, 441 So.2d 272 (La.App. 5th Cir. 1983), writ denied 442 So.2d 481 (La.1983). There can exist a relationship between the owner/seller and the party with the knowledge of the defect sufficient to warrant imputation to the seller. See Busenlener v. Peck, supra. The knowledge of Cardinal Property Management Company was imputable to defendant.
The judgment is affirmed.
AFFIRMED.
NOTES
[1] Although initially he testified the leaks had occurred for at least a year, he later said the problem existed at least three years.
[2] Although the trial court listed an additional $700.00 for personal property under the reduction in price figure of $3,455.00, it properly falls under damages and attorney's fees recoverable only against only a bad faith seller. See Smith v. H.J. Landreneau Building Contractor, Inc., 426 So.2d 1360 (La.App. 3rd Cir.1983).