486 So.2d 832 (1986)
Ruth C. NEAL
v.
Moise SAIZAN.
No. CA 84 1411.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
M. Lamarr Clemons, Amite, for plaintiff-appellant: Ruth C. Neal.
J. Lynn Ponder, Donna L. Bahn, Amite, for defendant-appellee: Moise Saizan.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiff, Ruth C. Neal, appeals the trial court's judgment in her suit in redhibition. Therein, plaintiff was awarded reimbursement only for the price of construction paid to defendant, Moise Saizan.
In the summer of 1977, plaintiff employed defendant to construct an addition to her home. Defendant was instructed that the roof of such addition must be constructed so as to match the fascia boards of the addition and the existing roof. To comply therewith, a flat roof was required. Approximately one year later, plaintiff called defendant, complaining of a leaky roof. Defendant repaired same to plaintiff's satisfaction. Thereafter, another leak developed which defendant also repaired without cost to plaintiff. In March, 1981, plaintiff contacted defendant and employed him to design and construct a *833 pitched roof over the addition such as to preclude further water leaks. In doing so, defendant constructed the roof with a pitch of 2½-3 to 1. Further, plaintiff's fireplace chimney was located in the valley of the roof. During the winter of 1981-82, a heavy down pour of rain was followed simultaneously by a quick freeze. As a result, water backed up under the flashing and shingles near the fireplace chimney and froze. When this occurred, plaintiff called defendant to notify him that water was backing up and that she was experiencing some water drippage inside her home. Defendant related to plaintiff that she should remove the ice from the valley near the fireplace chimney. He did not go to plaintiff's home to inspect the situation. As the weather warmed, the ice melted and water began dripping down the inside walls of plaintiff's home causing certain damage. Thereafter, plaintiff retained Tangi Construction Company (hereinafter referred to as Tangi) to repair the damage to her home and to properly construct the roof over the addition.
Subsequently, plaintiff filed suit asserting that defendant defectively designed and constructed the roof and that said roof was redhibitory in nature. Therein, plaintiff sought reimbursement for the price paid defendant, all damages sustained, and attorney's fees.
Based upon the evidence adduced, the trial court found that defendant, though in good faith, was negligent in the design and construction of plaintiff's roof. As a result thereof, it ordered that defendant reimburse plaintiff for the cost of said construction, namely $2,700.00. Additionally, defendant was ordered to pay all expert witness fees and costs. Furthermore, noting that plaintiff's roof, constructed by Tangi, was an improvement and that no evidence was adduced as to the costs of repair versus costs of improvement, the trial court failed to award any amount for damages.
Plaintiff appeals, contending that the trial court erred in:
1. Accepting plaintiff's expert witness, yet giving no consideration to his statement that the repair work done was only to restore the damage to its original condition,
2. Ignoring plaintiff's citations indicating that a contractor is responsible for the damages he causes in addition to the return of the price of his work,
3. Incorrectly equating home improvement with damage repair, and
4. Denying recovery because there was no invoice for the repair.
In essence, plaintiff contends that the trial court erred in failing to award damages in the amount of $5,200.00 for the alleged damage repair and construction completed by Tangi.
Under LSA-C.C. art. 2531, a good-faith seller is bound to repair the vices in the thing sold. Where he fails to repair the thing or is unable to do so, the purchaser is entitled to restoration of the purchase price and reimbursement of the reasonable expenses occasioned by the repair. Further, it is settled in Louisiana that a home's leaky roof and the resultant damaged interior can be considered defects and must be repaired. Smith v. Chang, 467 So.2d 1277 (La.App. 4th Cir.1985), and cases cited therein. Moreover, the trier of fact is given great discretion in assessing damages and such award will be disturbed only where there has been an abuse of that discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
Mr. Joe Noto, a representative of Tangi, testified that Tangi had torn out the old roof; reinstalled a new one with a higher pitch which repositioned the chimney out of a valley in the roof; reflashed the chimney, valleys, etc.; removed, replaced and floated the damaged interior sheetrock walls; and installed new light fixtures. The record indicates no evidence as to a break down of the cost of each item. The trial court further noted that Mr. Noto did not and was unable to itemize for the court, the exact costs of improvements versus the damage sustained. Rather, Mr. Noto stated only the total cost of construction, namely $5,200.00.
*834 Based upon the evidence adduced, we find, as did the trial court that plaintiff's leaky roof was not only repaired but that an improvement to the roof was made. The trial court's award of an amount equivalent to the cost of the defective roof was correct. Accordingly, it did not err in refusing to award additional damages where no evidence was adduced as to the exact cost of same. We find plaintiff's assignment of error to be without merit.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. Plaintiff is to pay all costs of this appeal.
AFFIRMED.